## MOON v. MOON.

No. 529.    Opinion Filed September 13, 1910.

**APPEAL AND ERROR—Decisions Appealable—Judgment Favoring Appellant.** In an action where defendant relies upon two grounds to defeat the claim of plaintiff, and the court finds against him on one but sustains him on the other and dismisses plaintiff's petition, an appeal will not lie to this court from a judgment in his favor.

(Syllabus by the Court.)

*Error from District Court, Bryan County; D. A. Richardson, Judge.*

Action by L. Pearl Moon against W. J. Moon. Judgment dismissing plaintiff's complaint, and defendant appeals. Appeal dismissed.

*Utterback & Hayes* and *C. H. Elting,* for plaintiff in error.
*Wm. M. Cravens,* for defendant in error.

DUNN, C. J.    October 1, 1906, the defendant in error, as plaintiff, filed her complaint in the United States Court for the Central District of the Indian Territory at Durant against the plaintiff in error, wherein she asked for a divorce and for temporary and permanent alimony. May 12, 1908, defendant filed

an amended answer containing a specific denial of all the allegations contained in plaintiff's complaint, and set up that the marriage between plaintiff and defendant was void for the reason that plaintiff, at the time of its consummation, was the lawful wife of George Robinson; also a cross-bill, wherein he asked for a divorce from the plaintiff in the event that the court found that he was lawfully married to her, setting up certain grounds, sufficient, if true, to justify the same. To these pleadings plaintiff filed a reply, and after the issues were thus made up the cause was referred to a special referee to take the evidence and report his findings of fact and conclusions of law to the court. Evidence was taken on the part of plaintiff, and in due time the referee made his report, in which he found that the marriage between the parties was valid, but that the plaintiff had not resided a sufficient length of time within the Indian Territory to give the court jurisdiction to entertain the action. Exceptions were taken to the report, but the trial court sustained it and rendered judgment dismissing plaintiff's complaint. The case was, on the advent of statehood, transferred to the district court of Bryan county, and from the judgment rendered the defendant has sought to prosecute an appeal to this court for review.

The judgment of the trial court was in defendant's favor, the plaintiff's complaint was dismissed, and, while a judgment for costs was rendered against defendant, no appeal was prosecuted therefrom. The appeal sought to be presented is to secure a reversal of the court finding that the divorce secured by plaintiff from her husband, Robinson, was valid. Will an appeal lie in this court in such a case from a judgment rendered generally in favor of defendant? We think not. The defense to plaintiff's complaint was upon two grounds: First, that she had not resided a sufficient length of time within the Indian Territory to give the court jurisdiction; second, that she was not his wife. The defense offered was to defeat the claim of plaintiff for a divorce and alimony against the defendant. This would have been effectually accomplished by showing either the lack of juris-

dictional residence or a void marriage; and, while in some cases an appeal will lie from a judgment in appellant's favor, this does not, in our judgment, present such a case. Defendant did not try his cross-bill, nor did he offer any evidence in support thereof, and the same still pends in the lower court. Authorities supporting the conclusion to which we have come may be noted as follows: 4 American and English Ency. of Law and Practice, p. 83, and cases cited under note 15; *Colo. Fuel, etc., Co. v. Knudson,* 18 Colo. App. 383, 70 Pac. 698; *Sutton v. Jones,* 9 Colo. App. 36, 47 Pac. 400; *Hall v. Pay Rock. Consol. Min. Co.,* 6 Colo. 81; *Ringgold v. Barley,* 5 Md. 186, 59 Am. Dec. 107; *Witt v. Baars,* 36 Fla. 119, 18 So. 330.

The petition in error, therefore, must be dismissed.

HAYES, KANE and TURNER, JJ., concur; WILLIAMS, J., disqualified and not sitting.