**DRUMMOND, Adm'r, et al. v. HARRIS.**

No. 14425—Opinion Filed Dec. 2, 1924.

Rehearing Denied Jan. 2, 1925.

1. **Appeal and Error—Review—Sufficiency of Evidence.**

This court will review the record and weigh the evidence, but will not reverse the judgment unless it be clearly against the weight of the evidence.

## 2. Same—Judgment Sustained.

Record examined; held. to be sufficient to support the judgment in favor of the defendant.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Osage County; Chas. B. Wilson, Jr., Judge.

Action by Shun-kah-ho-lah against ¡Pat Harris to cancel a deed of conveyance of real estate on the ground of fraud. Plaintiff died before judgment. Action revived in the name of the personal representative of decedent's estate. Judgment for defendant. Plaintiffs bring error. Affirmed.

Jos. D. Mitchell, T. J. Leahy, C. S. MacDonald, F. W. Files, and Elmer L. Fulton, for plaintiffs in error.

Stuart, Sharp & Cruce, for defendant in error.

Opinion by STEPHENSON, C. Shun-kah-ho-lah, a full-blood Osage Indian, executed and delivered his deed conveying the lands involved herein to the defendant on February 19, 1917.

The federal government commenced its action in the federal courts to cancel the deed of conveyance, and to quiet title in the grantor to the lands involved herein against the defendant on the ground that the lands were restricted at the time of the conveyance. The cause was finally decided in favor of the defendant by the circuit court of appeals on the ground that the property was alienable at the time the deed was executed and delivered.

The grantor later commenced his action against the defendant to cancel the deed on account of fraud entering into the execution and delivery of the instrument. The petition alleged, in substance: First, that the grantor and grantee had been friends of long standing, and that the grantor reposed great confidence in the defendant; second, that the grantor was a full-blood Osage Indian and about 65 years of age; third, that he desired to will the property involved in this action to the defendant; that the defendant through an interpreter represented to the plaintiff that the instrument he was signing was a will to the defendant, and believing the representation to be true signed the instrument; fourth, that by reason of the false and fraudulent representation so made to the plaintiff, he was induced to execute and deliver the warranty deed instead of a will.

The plaintiff died in the course of completing the issues and the cause was revived in the names of the personal representative and the next of kin.

The cause came on for trial and judgment was rendered in favor of the defendant and against the plaintiffs. The plaintiffs have appealed the cause to this court and assign the following errors for reversal:

First, the order and judgment of the court in denying and overruling the motion for new trial is contrary to law; second, that the judgment of the court in favor of Pat Harris, defendant below, is not supported by the evidence and is against the weight of the evidence and is contrary to law.

The question is made by the plaintiff that a fiduciary relation existed between the grantor and grantee, and was of long standing; that the grantor and grantee were friends and that the grantor reposed great confidence in the honesty and integrity of the grantee.

It is sufficient to say that the petition states a cause of action against the defendant on the ground of fraud, aside from the question of any fiduciary relations. The relation which existed between the parties is wholly immaterial in determining the sufficiency of the petition as it states a cause of action against the defendant.

The issue made between the parties on the pleadings was whether or not the defendant by his statements and representations induced the plaintiff to execute and deliver the instrument upon the belief that the instrument was a will.

The plaintiff introduced the evidence of the interpreter who acted for the parties in the execution and delivery of the deed involved herein. The interpreter was at that time in the employ of the federal government as an interpreter, and it was his duty to interpret for the Indian Agency in matters relating to the business affairs of the Osages, and to interpret for Osages in their business affairs with persons other than Indians. The interpreter testified that he had had considerable experience in interpreting for the Osages in matters pertaining to their business affairs. He further testified that he knew the difference between a will and deed. It is very likely that the interpreter was well informed in the matter of the difference between a will and deed on account of his experience in interpreting for the Indians in connection with instruments affecting real estate. The interpreter and the defendant came to the office of Grinstead & Scott, attorneys, in the city of Pawhuska. The interpreter testified that the instrument was prepared in the office by Mr. Grinstead,

and that he was requested by Mr. Grinstead to advise the plaintiff that the instrument was a will wherein the defendant was named as beneficiary. He further testified that he so interpreted these matters to the plaintiff, and that he believed that the instrument the plaintiff was executing was a will. The plaintiff signed the instrument there in the presence of all parties, and the interpreter then witnessed the instrument with Mr. Grinstead. The plaintiff offered other witnesses seeking to prove statements made by the defendant tending to show that the defendant considered and treated the instrument as a will.

The evidence indicated that the interpreter was well informed in the matter of real estate conveyances, and possessed a fair knowledge relating to business matters. The testimony further showed that the plaintiff possessed that degree of intelligence and business experience ordinarily possessed by a full-blood Indian. We may say that the evidence of the plaintiff supported the allegations of his petition.

The defendant offered in evidence the deed which was in the form of the usual statutory warranty deed. It is likely that the deed was the usual blank form, partly printed and typewritten. It reasonably appears that a man familiar with the difference between a warranty deed and a will would have observed that the instrument he was witnessing was a deed. It appears from the evidence of the defendants that the interpreter on September 2, 1921, appeared in the presence of a lumberman, the president of one of the national banks, and a cashier in one of the banks of the city of Pawhuska, and signed a writing to the effect that he acted as interpreter in connection with the transaction involved herein, and that he advised the plaintiff the instrument was a warranty deed, and that the plaintiff thereupon signed the instrument. The writing further contained the statement that the interpreter knew that the instrument then being executed was a warranty deed.

The interpreter denied making these statements to the witnesses, and testified that he advised these parties that the instrument executed was a will, and that he signed the statement in writing, under the belief that it contained the statements he was then testifying about.

It appears from the evidence that Mr. Grinstead had no interest in the subject-matter of the conveyance. He testified that the parties came to his office with the deed already prepared, and that he did not prepare the deed of conveyance in this case. He

further testified that he examined the form of acknowledgment, and that it was not in the form provided by the statutes, and that he called the matter to the attention of the notary. It appears that the additional requirements were interlined in the acknowledgment in handwriting of the notary public. Mr. Grinstead testified that the interpreter was requested to advise the plaintiff that the instrument was a warranty deed and was conveying the lands described therein to the defendant. The plaintiff answered through the interpreter that he knew that it was a warranty deed, and that he desired to convey the lands described therein to the defendant. The name of the grantor was signed to the deed by some person other than the witness. The witness and interpreter, after receiving the answer through the interpreter that the grantor desired to execute the deed, thereupon signed the deed as witnesses to its execution.

The defendant and other witnesses for the defendant corroborated the evidence of Mr. Grinstead. We may also add that the evidence of the defendants supports his answer.

It is not for us to say whether or not we would have arrived at the same judgment as was reached by the court in the trial of the cause. It is sufficient to say that the judgment of the court is not contrary to the weight of the evidence. Voris v. Robbins, 52 Okla. 671, 153 Pac. 120; Dandridge v. Dandridge, 59 Okla. 146, 158 Pac. 445.

The defendant makes the point on appeal that the deed is not supported by an adequate consideration.

The plaintiff made the issue in the trial of the cause that the grantor executed and delivered the deed on account of believing that he was executing a will. The plaintiff founds his right to the cancellation of the deed on the alleged false and fraudulent representations made to the vendor that the latter was signing a will. The plaintiff did not appear to lay any stress upon the matter of the amount of the consideration received by the plaintiff at the time the instrument was executed and delivered. Ordinarily a will is not founded upon a valuable consideration, and commensurate with the value of the property bequeathed. The introduction of testimony in the cause showing that the plaintiff received a valuable consideration, reasonably commensurate with the value of the land, would have been calculated to support the theory of the execution and delivery of a deed, rather than the execution of a will; consequently, the plaintiff, likely, did not consider this matter material in prov-

ing the issue as created by the plaintiff. The plaintiff charged that the deed was thought to be a will, so the question of a valuable consideration was aside from the question. The defendant claimed that the instrument was a deed, but the adequacy of the consideration to support the deed was not questioned. Perhaps the defendant considered it time enough to meet the question after it was raised by the pleadings or proof on the part of the plaintiff.

It is true that the interpreter testified in connection with the representations that the instrument was a will, that the plaintiff did not recive the payment of any money while in the office of Mr. Grinstead.

The fact that the plaintiff did not follow up this line of proof, and did not make inquiry of the defendant while he was on the stand, as to the amount of the consideration, perhaps led the defendant to believe that the plaintiff did not intend to challenge his deed on that ground. It would not be fair to permit the plaintiff to attack the record on appeal, on this ground, under the issue as made by him and the proof as offered. The plaintiff was free to allege the inadequacy of the consideration, and offer proof in support thereof, in the trial of the cause, if he had elected to do so.

It is recommended that the judgment of the court be affirmed.

By the Court: It is so ordered.