## ALDRIDGE v. ANDERSON et al.

No. 14564—Opinion Filed June 23, 1925.

Rehearing Denied Dec. 15, 1925.

1. **Jury — Right to Jury Trial—Equitable Issues but Incidental to Legal Action.**

Where the petition contains three causes of action, the first being to establish title and for possession of real property, and the second to have certain court proceedings held void as a cloud upon the title, and the third to have the heirs determined, it is not error to submit to the jury the issues arising upon the first cause of action.

2. **Appeal and Error—Review—Conflicting Evidence.**

In a law action this court will not weigh conflicting evidence to determine on which side the preponderance lies.

3. **Bastards—Proof of Illegitimacy.**

Where legitimacy is disputed, illegitimacy may be proven like any other fact.

4. **Same—Statements of Deceased Mother.**

Statements of the deceased mother, made in her lifetime, as to the legitimacy or illegitimacy of her child, are admissible in evidence where legitimacy is disputed.

5. **Trial—Instruction not on Weight of Evidence.**

An instruction that a decree of divorce is not conclusive proof that there had not been a previous divorce of the parties is a statement of law and not an instruction on the weight of the evidence.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Pittsburg County: Harve L. Melton, Judge.

Action by O. C. Aldridge against Maxine Anderson, Jessie Beams, Isaac White, et al. Judgment for defendant Maxine Anderson, and plaintiff appeals. Affirmed.

J. S. Arnote, for plaintiff in error.

Tom G. Haile and Wilkinson & Hudson, for defendants in error.

Opinion by RAY, C. O. C. Aldridge commenced this suit to recover approximately 280 acres of land in Pittsburg county, being the allotment of Lena Mishamahtubbe, deceased, relying upon title derived by deed

from Dan Perry, who was alleged to be the father and sole heir of the allottee. The defendant Maxine Anderson, an infant, by her guardian, was in possession claiming title. It appears that Aldridge had also acquired deeds of conveyance from a number of other parties of different degrees of relationship to the deceased allottee who claimed to be heirs. The case was tried upon the theory, on the part of the plaintiff, that the allottee was the legitimate child of Dan Perry and Jane Beams, deceased, and that Dan Perry was the sole surviving heir. On the part of the defendant, Maxine Anderson, it was contended that the deceased allottee was the illegitimate child of Jane Beams and Davis Mishamahtubbe. The case was submitted to the jury upon the one issue, that of the legitimacy of Lena Mishamahtubbe, the deceased allottee. The verdict was for the defendant, upon which judgment was entered.

Plaintiff in error presents his assignments of error under five propositions:

First: Did the court err in submitting the issues in this action to a jury? ·

Second: Did the court err in overruling plaintiff's motion for a new trial?

Third: Did the court err in admitting evidence of the defendants over the objection of the plaintiff?

Fourth: Did the court err in his general instructions given to the jury?

Fifth: Did the court err in sustaining defendant Maxine Anderson's demurrer to the 6th and 7th paragraphs of plaintiff's petition?

1. Plaintiff's petition contains three causes of action: The first resting upon certain deeds through which plaintiff claims to deraign title; the second is to have a judgment of the county court determining the heirs of the allottee to be held void and set aside as a cloud upon his title; the third is to have the court determine the heirs of the allottee. The second cause of action is in the nature of an equitable proceeding, but is clearly incidental to the first cause of action. The first thing necessary to be determined under the petition was whether plaintiff had legal title. Without the legal title plaintiff could not recover, and the question of removing the cloud by vacating the judgment determining heirship could avail nothing until he had first established his legal title. The same may be said of the third cause of action. If plaintiff's legal title failed, then it could not avail him anything to have the heirs deter-

mined, which could only operate to show of record his legal title in case he recovered on the first cause of action. The first cause of action being purely a legal action of ejectment, and the equitable features of the second and third causes of action not being necessary to recover on the first cause of action, but only to remove cloud from the title and establish a straight record title in case recovery be had in the legal action, then the equitable features of the petition are but incidental to the legal action and render the action an action at law and not a suit in equity. The court did not err in submitting the issues of fact to the jury.

2. Under the second proposition the plaintiff asks this court to weigh the conflicting evidence and say that plaintiff sustained the burden of proof upon the theory that this is a suit in equity, but, having concluded that it is an action at law, no attempt will be made to reconcile or weigh the conflicting evidence more than to say that in our judgment there was sufficient evidence to sustain the verdict of the jury.

The affidavit offered in support of the motion for new trial for newly discovered evidence failed to disclose evidence newly discovered, but only disclosed the willingness of a number of witnesses, full-blood Indians, to change their testimony. After the trial plaintiff sent out agents to interview a number of defendant's witnesses and secured affidavits indicating that their testimony given at the trial was erroneous. Later plaintiff secured affidavits controverting certain statements made in the affidavits presented by plaintiff. The court had all these witnesses brought into court and after hearing their testimony concluded that newly discovered evidence sufficient to entitle plaintiff to a new trial was not disclosed. In this we think the court was correct.

3. Susan Mishamahtubbe was permitted to testify over the objection of the plaintiff, as follows:

"Q. Did Jane (the mother of the allottee) ever tell you who was the father of Lena Mishamahtubbe? A. Yes, she told me. Q. Who was it? A. Dave Mishamahtubbe."

Similar testimony was given by a number of witnesses. The objection urged is that the wife is incompetent to testify as to the nonaccess of the husband during the period in which the child must have been begotten, and that declarations made by her while living were not admissible after her death. We think this evidence does not go to the ques-

tion of nonaccess. Mr. Wigmore on Evidence, vol. 4 (2nd Ed.) 2064, in discussing the rule contended for, said:

"They may testify that there was no marriage ceremony, or that the child was born before marriage, or that the one party was already married to a third person, or their hearsay declarations (after death) to illegitimacy in general may be used.'

Section 8024, Comp. St. 1921, reads as follows:

"The presumption of legitimacy can be disputed only by the husband or wife, or the descendant of one or both of them. Illegitimacy in such a case may be proved like any other fact."

The evidence was admissible.

4. The objections urged to instructions 4, 9, and 12 present in a different form the question as to the sufficiency of the evidence. Instruction No. 11 complained of is as follows:

"You are further instructed that evidence has been introduced in this case of a divorce of Dan Perry from Jane Beams on the 6th of May, 1899. You are instructed that this is not conclusive proof that there had not been a prior divorce between these parties, but may be taken into consideration by you together with all the other facts and circumstances in this case in determining whether the said Dan Perry and Jane Beams were divorced 10 months or more before the birth of Lena Mishamahtubbe."

The contention is that this is an instruction upon the weight of the evidence. We do not think so. It is a statement of law. The purported decree of divorce offered in evidence was not conclusive proof that there had not been a prior divorce between the parties. The instruction did not indicate what weight should be given the evidence, but properly advised the jury that such evidence should be considered together with all the other facts and circumstances in the case.

5. We are unable to say whether there was error in sustaining a demurrer to paragraphs 6 and 7 of plaintiff's petition for the reason that these paragraphs are not set out in plaintiff in error's brief, and in the petition, as incorporated in the case-made, the paragraphs are not separately numbered.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 35 C. J. p. 162, § 32. (2) 4 C. J. p. 858, § 2836. (3) 7 C. J. p. 943, § 10. (4) 7 C. J. p. 944, § 12. (5) 38 Cyc. p. 1652.