### NEWBERN v. FARRIS et al.

No. 19497. Opinion Filed April 7, 1931.

Rehearing Denied May 19, 1931.

Blanton, Osborn & Curtis, for plaintiff in error.

C. G. Moore and George M. Nicholson, for defendants in error.

McNEILL, J. This cause comes to this court from the district court of McClain county. S. C. Newbern instituted an action in said county, against W. F. Farris and the Purcell Bank & Trust Company, to establish a trust in favor of Newbern to an undivided one-half interest in 140 acres of land in said county, the record title to which was in the name of W. F. Farris. Said Farris thereafter conveyed said land to the Purcell Bank & Trust Company. The case was tried to a jury over the objections of the plaintiff, Newbern, and resulted in a judgment against said plaintiff on his petition and against said defendant Farris on the various issues of his cross-petition. A motion for new trial was duly filed, the same was overruled, and the cause comes to this court to reverse the judgment of the trial court. The parties will be referred to as they appeared in the trial court: S. C. Newbern, plaintiff in error, as plaintiff, and W. F. Farris and the Purcell Bank & Trust Company, defendants in error, as defendants.

The plaintiff, in his petition, alleges, in substance, that on or about the 15th day of November, 1921, he and the defendant Farris entered into an agreement of joint adventure or limited partnership wherein and whereby said plaintiff and said defendant agreed to buy as equal owners a tract of land in said county consisting of 140 acres from G. R. Helterbrand and wife; that pursuant to said agreement the said Helterbrand and wife made, executed, and delivered to the said defendant Farris a deed to said tract of land subject to a mortgage in favor of the Deming Investment Company in the sum of $4,000, and a second mortgage thereon to said company, being a commission note on said mortgage; that for said conveyance one-half was paid by the defendant Farris and it was agreed that the title in and to said land would be taken in the name of said Farris and held in trust by him for the benefit of himself and this plaintiff in equal parts; that said plaintiff and defendant continued to own and hold said lands and to recognize the interest of each other therein, making sundry payments, and keeping the taxes and mortgage from becoming delinquent; that plaintiff paid all sums of money required by said defendant to keep his interest intact in said premises; that said defendant Farris rented said land and collected the rents for the years 1922, 1923, and 1924; that a full and complete settlement was made between plaintiff and defendant Farris as to the years 1922 and 1923, but that no settlement for the rents has been made for the year 1924; that the said defendant Farris, on the 2nd day of April, 1925, made, executed, and delivered to the defendant Purcell Bank & Trust Company a warranty deed conveying to said company the above-described real estate; that the said company had actual knowledge and notice of the right, title, and interest and estate of plaintiff in and to said premises; that whatever right, title, and interest the said defendant company took by reason of such conveyance is subject to the rights of plaintiff; that plaintiff is in possession of said premises, and is entitled to one-half of the rents and profits for the year 1924, and prays that he be adjudged to be the owner of an undivided one-half interest in said premises; that he have an accounting for the said rents and profits for the year 1924; that said Farris and the said Purcell Bank & Trust Company be required to convey to plaintiff an undivided one-half interest therein; that his title in and to said lands be quieted as against the claims of said Farris and the Purcell Bank & Trust Company, and also prays for general relief.

After various motions, said defendant Farris filed an answer by way of general denial, and by way of cross-petition, set-off and counterclaim against said plaintiff, whereby he asks judgment against said plaintiff in the total sum of $3,088.05. The Purcell Bank & Trust Company filed its answer denying each and every allegation of said plaintiff's petition save and except that the defendant admits that the defendant Farris on the 2nd day of April, 1925, made, executed, and delivered to said company the deed in question.

At the threshold of this case, we are met with several entangling difficulties. As was said in the case of Kikowski v. Catlet, 130 Okla. 71, 265 Pac. 117:

"In determining this action, it is necessary at the outset that we decide the nature of it, to ascertain whether it is to be measured by the rules applicable to an action at law or equity—for if it be an equity proceeding, this court will weigh the evidence and render the judgment that the trial court should have rendered, whether it be in affirmance or reversal. Fontenot v. White, 115 Okla. 248, 242 Pac. 854; Schock v. Fish, 45 Okla. 12, 114 Pac. 585. But if the action be one at law, under the rule applicable, we will not weigh the evidence, but ascertain only whether there is any competent evidence reasonably supporting the judgment, and if such evidence is so found, the judgment must be affirmed. Aldridge v. Anderson, 115 Okla. 131, 240 Pac. 99; Mitchell v. Gafford, 73 Okla. 152, 175 Pac. 227; Board of County Commissioners v. Baxter, 113 Okla. 280, 241 Pac. 752; Okla. Prod. & Ref, Corp. v. Penok Oil Co., 118 Okla. 170, 247 Pac. 667; Jackson v. Turner, 107 Okla.

167, 231 Pac. 290; Myers v. Denison, 104 Okla. 208, 230 Pac. 742.

We set forth some of these material questions:

(1) The plaintiff contends that this is an action in equity, and defendant was not entitled to have the issues of fact tried by a jury.

(2) The defendant contends that as a matter of right he was not only entitled to have the issues presented by plaintiff's pleading tried by a jury, but also the issues presented under his cross-petition.

(3) If this is an action at law, defendant was entitled as a matter of right under section 532, C. O. S. 1921, on demand, to a trial by jury regardless of his cross-petition.

(4) If this is an action in equity, defendant did not have as a matter of right upon his demand to a trial by jury unless by reason of his cross-petition.

(5) The verdict of the jury was filed on November 1, 1927; on November 2, 1927, a motion for judgment notwithstanding the verdict was filed on behalf of the plaintiff. The minutes of the clerk show that on December 27, 1927, the court overruled the motion for judgment notwithstanding the verdict, entered judgment in said cause adopting the verdict of the jury, and also on said day made an order overruling plaintiff's motion for a new trial, although this judgment was not filed of record until May 9, 1928.

(6) Contention is raised as to the effect of the filing of the motion for judgment notwithstanding the verdict within three days after the filing of the verdict of the jury, when no motion for new trial was filed until either December 27, 1927, or January 3, 1928.

(7) Contentions are raised as to when the motion for new trial was filed, as to whether or not it was on file at the time the trial court rendered its judgment overruling the same. Plaintiff contends that the same was filed in open court on the 27th of December, 1927, Defendant contends that the records have been changed and that it was filed more than three days thereafter, to wit, January 3, 1928.

Is this an equitable proceeding? Did the trial court have jurisdiction as a court of equity to afford complete relief to the parties herein? It is contended on behalf of the plaintiff that the various causes of action set forth in the cross-petition by way of counterclaim and set-off had no proper place in this proceeding; that it was error on the part of the trial court to refuse to strike said cross-petition from the record; that it was further error to present those issues to the jury, and that plaintiff was entitled to have his cause of action presented to the trial court without the intervention of the jury. In an equitable proceeding it is always within the discretion of the trial court to have a jury for the purposes of assisting the court in determining issues of fact. Such verdict of the jury is at most advisory to the court, and the court is at all times free to accept such verdict, disregard it, or reject it, if, in its judgment, it is improper. 21 C. J. page 134, section 117:

"It is a well settled rule that a court of equity which has obtained jurisdiction of a controversy on any ground, or for any purpose, will retain such jurisdiction for the purpose of administering complete relief, and doing entire justice with respect to the subject-matter. * * *"

Section 118, page 137:

"By virtue of this rule, a court of equity, when its jurisdiction has been invoked for any equitable purpose, will proceed to determine any other equities existing between the parties, connected with the main subject of the suit, and grant all relief necessary to an entire adjustment of such subject. * * *"

Section 119, page 138:

"It is a general rule that where the controversy requires any purely equitable relief, such as will give a court of equity the right to act, the court will proceed to a final determination of all the matters at issue, and in doing so, it may establish purely legal rights and grant legal remedies, which would otherwise be beyond its power. * * *"

Plaintiff alleges that plaintiff and defendant were engaged in some sort of a joint adventure by which the tract of land in question was purchased and, as contended for by plaintiff, the title to same was taken in the name of the defendant Farris; that thereafter the defendant Farris, although at all times denying that there was any such joint adventure by and between the parties, conveyed said tract of land to the defendant bank, and plaintiff asks the court in his pleadings to determine that said plaintiff is a co-owner of an undivided one-half interest in the tract of land in question and for the court to hold that the said defendant Farris held the same in trust for said plaintiff, and that by reason of said conveyance to said bank that said bank could only acquire whatever interest said defendant Farris may have acquired by reason of the said warranty deed given by said Farris to said bank. It is not controverted that defendant's cross-petition presented such issues of fact which, standing by itself, as a matter of right, on

timely demand, were triable to the jury; but can defendant solely by reason of such facts set forth in a cross-petition, counter-claim and set-off, demand a jury for the trial of said issues as a matter of right, if plaintiff pleads an equitable action? If the issues involved therein give to said defendant the right to have a jury as a matter of right, it follows that the court would have no power to dispense with the jury without the consent of the parties, either express or implied, and if the issues are tried by the court without such consent, the party against whom the judgment is rendered is not bound thereby. 12 Ency. Pleading & Practice, page 240.

We will confine our discussion first to the proposition whether defendant Farris as a matter of right was entitled to a trial by jury by reason of the issues presented in his cross-petition, assuming that such was a proper pleading in this action.

The Supreme Court of the state of Nebraska, in the case of Morrissey v. Broomal, 37 Neb. 766, states in the second paragraph of the syllabus:

"Counterclaim by Defendant—Right to Jury Trial. A defendant in an equity suit is not entitled, as a matter of right, to a jury for the trial of a counterclaim for damages, which he has voluntarily pleaded in the case."

In the opinion, the court states:

"Did this counterclaim of the appellant for damages oust the court of its equitable jurisdiction? Is a defendant to a purely equitable suit entitled, as a matter of right and law, to a jury for trial of an issue of law which he has voluntarily brought into the case? We think not. The appellant had a right, if he was so minded, to file his counterclaim for damages in this equity suit. It was an independent cause of action existing in his favor and against appellees, but appellant's cause of action on his counterclaim was not lost to him or barred had he left it out of this suit.

"The action as made by the appellees in their cross-petition was one purely of equitable cognizance; but part of the relief demanded by the appellant could only be granted by a court of equity. The familiar principle is that when a court of equity acquires jurisdiction over a cause for any purpose, it may retain the cause for all purposes, and proceed to a final determination of all the matters put at issue in the case. (I Pomeroy, Eq. Juris., sec. 181, and cases therein cited.) * * *

"In the Installment Building & Loan Co. v. Wentworth, 25 Pac. 298, the Supreme Court of Washington says: 'As the foreclosure of a mechanic's lien is a proceeding cognizable in a court of equity, the mere fact that the defendant in such suit interposes a counterclaim for damages, as he is allowed to do by the laws of Washington, is not sufficient to divest such court of its jurisdiction and to entitle defendant to demand a trial by jury. * * *

"The court was right in refusing the appellant a jury trial."

Also, the same court, in Daniels v. Mutual Benefit Life Insurance Co., 73 Neb. 257, which involved the foreclosure of a mortgage and the entering of a deficiency judgment and wherein a trial by jury was demanded on the question of liability for a deficiency judgment, the court states:

"The determination of this question depends on the nature of the action at its inception. If purely equitable, the right of trial by jury did not exist; if legal in its nature at its inception, although equitable defenses might be interposed, the right of a trial by jury would still remain. * * * But where the action as originally instituted seeks equitable relief alone, the interposition of a legal defense does not secure for the defendant a right to a trial by jury of the legal defenses pleaded."

The same rule was announced in the case of MacKellar v. Rogers, Court of Appeals of New York, reported in the 17th N. E. 350. Also, in the early decisions of the state of Kansas, in the case of Martin v. Martin, 44 Kan. 295, 24 Pac. 418; the syllabus being as follows:

"In an action to forfeit an estate in certain land, where the court has acquired jurisdiction to hear the case, it may adjudicate and pass upon all of the real and substantial rights of the parties connected with the subject-matter of the litigation, in order to avoid a multiplicity of suits."

In the body of the opinion, the court states:

"The plaintiff in error contends that the defendants did not waive a jury in the court below, and therefore the court could only grant strictly equitable relief, and had no right to assume the functions of a jury, and give a judgment for damages and the possession of realty. The case was one for equitable relief. A jury was not requested to pass upon any question of fact in the case. It is a well-settled principle of equity jurisprudence that, where the court has all the parties before it, it will adjudicate upon all the rights of the parties connected with the suit, so far as it can, so as to avoid a multiplicity of suits. Seibert v. Thompson, 8 Kan. 65. Courts of equity may adjust their decrees so as to meet most, if not all, the exigencies which may arise; and they vary, qualify, restrain, and model the rem-

edy so as to suit it to the mutual and adverse claims controlling equities, and the real and substantial rights of the parties. 1 Story, Eq. Jur. par. 28. The court below, having acquired jurisdiction of the parties and the subject-matter of the suit, had the inherent power to make all necessary orders, decrees, and judgments so as to settle the matters in controversy, and thus prevent litigation. Where a court of equity obtains jurisdiction of a suit for the purpose of granting some distinctive equitable relief, and the special relief prayed for is not practical, the court may retain the cause, decide all the issues involved, and may decree the payment of mere compensatory damages. 1 Pom. Eq. Jur. par. 237, and authorities there cited. We think the judgment and decree of the court below should not be disturbed, and recommend that it be affirmed."

This same principle was later adhered to by this same court in the case of Madden v. Glathart (Kan.) 224 Pac. 910, this case being an action to determine property rights under a trust deed.

35 C. J. 175-176-177, states:

"Unless otherwise provided by statute, the fact that defendant sets up a legal defense to an equitable cause of action does not change the character of the proceedings or entitle him to demand a jury trial. Where a defendant sets up, as a defense to an equitable cause of action, facts which grow out of that cause of action, or the transaction which gave rise to it, and are so interwoven with it as to be inseparable from it the defense partakes of the nature of the cause of action and is equitable, and not triable by jury, as of right. * * *

"A counterclaim in an equitable action was unknown at the common law, and therefore the issues raised thereby are not within the constitutional provisions as to jury trial. Therefore, since the interposition by defendant of a legal defense to an equitable cause of action does not change the character of the action, or entitle defendant to a jury trial, by the weight of authority a defendant who pleads a counterclaim in an equitable action is not, in the absence of statute, entitled to a jury trial on the issues arising thereon, notwithstanding the cross demand constitutes an independent cause of action upon which a separate action might have been brought and a jury trial demanded. But it has been held that defendant is entitled to have the issues made by his counterclaim submitted to a jury where he sets up new matter constituting a legal cause of action, such as a demand for the recovery of money only, and all the equitable issues of the petition are admitted. Where, however, issue is taken on the averments of the petition or complaint, the trial court may properly order such issue to be tried by the court, and the issues arising under the counterclaim and reply thereto, to be tried by a jury."

16 R. C. L. pages 213-214 provides:

"By the great weight of authority, the interposition by the defendant in an equitable action of a counterclaim of a legal nature gives him no right to a jury trial either of the action generally, or of the issues raised by the counterclaim. * * *

"It is apparent, therefore, that the rule treated in a preceding paragraph, to the effect that, if there is evidence which tends to establish the plaintiff's cause of action and the defendant's defense sufficient, if uncontroverted, to sustain the allegations of each party, it is error for the court to withdraw the case from the consideration of the jury, or to direct a verdict therein, does not apply in equity cases."

In the case of Mathews v. Sniggs, 75 Okla. 108, 182 Pac. 703, this court states:

"The case of McCoy v. McCoy, 30 Okla. 379, 121 Pac. 176, Ann. Cas. 1913C, 146, was a suit to declare a resulting trust, and it was very properly held that the subject of trusts and the control and regulation of trust estates were not properly cognizable by courts of law, but were exclusively within the jurisdiction of courts of equity, and that the court did not err in denying the defendant a jury trial as a matter of right."

We now confine our analysis as to the nature of the action of plaintiff.

In the case of Green v. Correll, 133 Okla. 94, 271 Pac. 241, the court states:

"The defendants say the court committed error in overruling their request for a jury trial. * * *

"This is not an action for possession. The plaintiffs were in possession and brought an equitable proceeding to remove a cloud upon the title. The cloud was a judgment lien.

"The rule is well settled that the character of an action is determined by the nature of the issues made by the pleadings and the rights and remedies of the parties, and not alone by the form in which the action is brought or by the prayer for relief. In this action the plaintiffs were in possession, and they sought to have canceled a judgment lien which was a cloud upon their title. The purpose of the action was primarily to administer equitable relief. It is not one for relief in ejectment at common law, and therefore is not one for the recovery of specific real property as is defined in section 532, supra, and not being such an action, the defendants were not entitled to a jury trial."

In the case of Warner v. Coleman, 107 Okla. 292, 231 Pac. 1053, wherein the question was discussed whether or not the trial court erred in denying a jury trial, plaintiffs contending that the action was for the

recovery of real estate and that the plaintiffs were entitled as a matter of right and by reason of the statutes to a trial by jury, and, on the other hand, the defendants contending that it was not an action for the recovery of real estate within the meaning of the statutes providing for a jury trial in an action for the recovery of specific real property, the court states:

"An action for the 'recovery of real property,' within the meaning of the statutes governing and controlling actions therefor, embraces the same elements as the common-law action of ejectment, and is another name for such an action. In order to entitle the plaintiffs to recover in the common-law action of ejectment, they must allege and show legal or equitable title in themselves and the right of possession as against the defendants. Jennings v. Brown, 20 Okla. 294, 94 Pac. 557. This character of action, to wit, for the 'recovery of specific real property,' as referred to in the statutes, is an ejectment action as designated at common law, and does not lie except in cases where the plaintiff alleges a state of facts showing the legal or equitable title, and the right to possession, on which the judgment being based, the executive officer could deliver possession on execution. In other words, if the allegations of the plaintiffs, on which they demand the relief prayed in their petition, do not show them entitled to the possession as against the defendants, there is nothing alleged to show them tenants in common with either defendant, but only such possession as would follow as an incident to the equitable relief sought, as well as having the legal or equitable title, the petition does not state a cause of action for the 'recovery of specific real property', within the meaning of the above-quoted section of the statute, although the allegations may be sufficient to draw in question the determination of an alleged adverse right or interest in the real estate. The statute does not give, as a matter of right, a jury trial in every action in which a determination of an adverse right or interest in real property may be involved. The statutes, taken together, seem clearly to give this right only when the action, as pleaded by the plaintiff, is for the recovery of the real estate in the sense in which ejectment is maintainable at common law. See note 1, 9 R. C. L. p. 830, and cases there cited." * * *

"We think that where the gravamen of the action pleaded is one which would have been for the conscientious determination of the chancellor under rules of equity, before the general adoption of codes, the cause is one essentially in equity, and that though its form may be in ejectment, yet where the law feature, the possession, follows merely as an incident to the determination of the equitable issue on which it rests, it is not one for the recovery of specific real estate. New v. Smith (Kan.) 119 Pac. 380. * * *

"Since we conclude that, under the allegations of the pleadings, this was not an action for the 'recovery of specific real property,' or an ejectment action, it was nothing more than an action for the determination of an interest or claim of interest in real estate held adverse to the plaintiffs by reason of the deed of May 13, 1911, and its purpose and object was the determination of the rights of the parties under the allegations of fraud in the procurement of said deed by the defendant Robinson, as to whether or not, under the rules of equity, the title shall be reinvested in the plaintiffs, or the plea of fraud be adjudged in favor of the defendants."

The authorities of this court on the question of a trial by jury as a matter of right in civil actions have recently been reviewed with care in the case of Harjo v. Chilcoat, in an opinion by Commissioner Diffendaffer, adopted by this court on November 18, 1930, 146 Okla. 62, 294 Pac. 119, the third paragraph of the syllabus being as follows:

"It is not every action involving the title to real property where a trial by jury is a matter of right, but section 532, C. O. S. 1921, gives a right to trial by jury as to issues of fact arising in actions for the recovery of specific real property, and where the gravamen of the action is other than one for relief as in ejectment at common law, or is for an equitable remedy, such as rescission, cancellation of deeds as for fraud, etc., the right to a jury is not given by statute. Warner v. Coleman, 107 Okla. 292, 231 Pac. 1053"

—which was an action to quiet title to a certain tract of land, and cancel of record a certain attorney's contract which plaintiff claims was a cloud upon their title. In this case the court discussed these cases which were deemed pertinent to the matters involved therein, and stated as follows:

"Without regard to whether the guardian's deeds were valid, void or voidable, defendants' right to recover an interest in, and incidentally possession of, the lands in controversy, depended entirely upon their right to have canceled the deeds which they admit they executed after attaining their majority. Without this their claim to an interest in the land must necessarily fail. It follows, then, that the paramount issue as formed by the pleadings was as to their right to have those deeds, as well as the guardian's deeds, set aside and canceled. Upon the determination of this issue depended their right to recover any interest in the land. This was clearly an issue of equitable cognizance, and, under the rule announced in Moore v. Kelly, supra,

Aldridge v. Anderson, supra, and recognized in Warner v. Coleman, supra, and Green v. Correll, supra, defendants were not entitled, as a matter of law, to a trial by jury."

In the case at bar, the plaintiff seeks to have the land in controversy impressed with a trust, contending that the defendant Farris purchased the premises for plaintiff and said defendant, and that plaintiff is the owner of an undivided one-half interest in and to the same, and that by reason thereof he is entitled to an accounting for the rents and profits. These rents were but an incident arising out of his ownership and the gravamen of the action is for a determination of the rights of said plaintiff in and to said premises. We conclude that this was not an action in the nature of an ejectment, or for the recovery of specific real property, but it is a proceeding purely in equity for a determination of an interest or claim in real estate held adversely to plaintiff by reason of the aforesaid conveyance, and wherein plaintiff seeks to establish a trust to his undivided one-half interest therein.

In view of the foregoing authorities we are of the opinion that when plaintiff's cause of action depends on the equitable jurisdiction of the court and defendant pleads a counterclaim presenting such issues as constitute an action at law, triable by jury, this does not change the nature of the action nor entitle defendant as a matter of right to a jury trial on the issues arising therein.

The verdict and judgment in this case on the issues presented by the cross-petition were in favor of the plaintiff and no appeal was taken therefrom by the defendant. The rule has been announced in this jurisdiction that 'a party cannot appeal from a judgment in his favor which does not materially affect his substantial rights. Moon v. Moon, 27 Okla. 245, 117 Pac. 200; Cargile v. Union State Bank, 40 Okla. 506, 139 Pac. 701; Shirk v. McGinnis, 116 Okla. 93, 243 Pac. 214. In Eastwood v. Clinkscales, 82 Okla. 52, 197 Pac. 455, it is held:

"It is necessary, in order to maintain an appeal or writ of error, that appellant shall be injuriously affected or aggrieved by the judgment, order or decree complained of; therefore, one cannot appeal from a decision, however erroneous, which does not affect his substantial rights."

In Larimore v. Parker (Kan.) 197 Pac. 1118, the third paragraph of the syllabus reads:

"A judgment defendant cannot appeal from that part of a judgment not rendered against him, even if that part is erroneous."

Having found that this is a cause of equitable jurisdiction; that the defendant was not entitled to a jury as a matter of right, and that the verdict of the jury was only advisory to the court, we next consider whether or not the motion for new trial was filed within the statutory period of three days from the rendition of the judgment in this case.

An extended hearing on this question was held before the Honorable F. E. Chappell, referee of this court, on this question by reason of the filing of the motion to dismiss the appeal in this case. Two questions were involved in this hearing: First, that there is a charge that the case-made has been changed since it was filed in the Supreme Court. Second, that there is a contention that the case-made as filed and changed in this court does not speak the true record. In other words, the response to the motion to dismiss was that the case-made has been changed since it was filed in the Supreme Court; and second, that the case-made at present does speak the truth so far as the records in the trial court are concerned.

The motion to dismiss was denied without prejudice to presenting said motion in briefs on the merits, which was entered by this court on November 18, 1930. Counsel for defendants in error presented said motion to dismiss, and urged that this appeal should be dismissed by reason of the fact that the motion for new trial was not filed within three days after the rendition of the verdict and decision of the trial court and that this court is without jurisdiction to review the judgment of the trial court and that by reason thereof this appeal should be dismissed. We have read with care the evidence taken before the referee. It is conflicting and difficult to determine the exact facts in connection with this record. There is positive evidence that the motion for new trial was filed preceding the time in which the court passed upon same. Mr. Blanton, attorney for plaintiff in error, testified that he handed the motion to the clerk in open court to be filed. In confirmation of this, there is a minute on the appearance docket as follows:

"December 27, 1927 Motion for judgment overruled.

"December 27, 1927 Fil. & ent. Motion for judgment & copy

"December 27, 1927, Mo for N. T. over-

ruled ex. al. deft. excepts and in open court gives notice of appeal. Time 90-10-5."

Our courts have held that such a pleading filed in open court is a filing of the pleading in question, and in view of this record, we feel unfavorable to the contention raised by the defendants that this motion was filed other than was indicated on the appearance docket, to wit, December 27, 1927.

The remaining question for our determination is whether or not the judgment is against the weight of the evidence. This evidence is commented upon by both sides in their briefs. The defendant Farris testified that he purchased the land from Helton, which was heavily mortgaged, that the Deming Investment Company held a first mortgage for $4,000; that Helton held a mortgage for $2,300. and that Greer and Porter held a second mortgage for $1,000, and that there were commission notes amounting to over $300 each. He denied that he ever had any conversation with Mr. Newbern, the plaintiff herein, in regard to the negotiations of this land; that Mr. Newbern and Mr. Porter and his associates owed him something like $1,600; that he had arranged with Mr. Newbern, the plaintiff herein, to advance money to pay on the land, and that nothing was ever said between the parties in reference to the plaintiff taking any interest of any kind in the land; that the defendant went into possession of the land, rented it out, placed improvements thereon, and, by reason of his being indebted to the Purcell Bank & Trust Company, of which the plaintiff was president, he conveyed this land to the Purcell Bank & Trust Company at the request of the plaintiff, not knowing at that time plaintiff was claiming any interest therein. Even though a jury was not necessary for determination of the issues in this case, it is to be observed that they found against the defendant Farris on his cross-petition, set-off and counterclaim, against the plaintiff, and also found against the plaintiff in this case.. The court heard the witnesses testify, observed their demeanor on the stand, and was called upon to judge the credibility of their testimony. No useful purpose can be served in setting out in detail this evidence. It is conflicting evidence, and this court has many times announced the rule that the judgment of the trial court will not be reversed unless it is clearly against the weight of the evidence. Drummond v. Harris, 105 Okla. 228, 232 Pac. 18.

"In an equitable action, the findings of the trial court should be sustained, unless it appears his findings are clearly against the weight of the evidence; and the findings of the trial court should be strongly persuasive, and should not be set aside unless this court can say, in equity, and good conscience, that the conclusion reached by the trial court is clearly against the weight of the evidence. Speaks v. Speaks, 98 Okla. 57, 224 Pac. 533; Nelson v. Golden, 84 Okla. 29, 202 Pac. 308; Rosen v. Martin, 102 Okla. 65, 226 Pac. 577."

And in cases of this kind our court has held in the case of Babcock v. Collison, 73 Okla. 232, 175 Pac. 762, as follows:

"A resulting trust may be established by parol evidence, but the law requires that the proof necessary to establish it should be of the most satisfactory kind; the onus of establishing a resulting trust rests upon him who seeks its enforcement, and before a court of equity will be warranted in making a decree therefor, the evidence must be clear, unequivocal, and decisive."

We are of the opinion that no prejudicial error has been committed. The judgment of the trial court is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur.