**JOE BROWN COMPANY, INC., a corporation, Appellee,**

v.

**John K. BEST and Lorene Best, husband and wife, Appellants.**

No. 51491.

Court of Appeals of Oklahoma, Division No. 1.

Sept. 11, 1979.

Released for Publication by Order of Court of Appeals Oct. 18, 1979.

Michael A. Cawley, Ardmore, for appellee.

James W. Bolt, Madill, for appellants.

BOX, Judge:

An appeal by John K. Best and Lorene Best, defendants below, from a judgment in favor of the Joe Brown Company, Inc., plaintiff below.

This was an action by the plaintiff, a concrete company headquartered in Ardmore, to establish and foreclose a mechanic's and materialman's lien upon property of the Bests, who are residents of Texas. The property in question is a lot in Johnson's Buncombe Creek View on Lake Texoma, just north of the Biological Station. After a non-jury trial, the trial court found that the plaintiff, under contract with Gerald (Bud) Gardner, who was a contractor building a cellar for the Bests, sold and delivered to Gardner concrete and sealant which was used in the construction of the cellar. The court further found that the plaintiff had an unpaid claim in the amount of $216.86 for the material and was entitled to a lien in that amount and foreclosure. The trial court ordered the lien foreclosed, and the Bests bring this appeal, urging two propositions of error.

■ In their first proposition the Bests allege that the trial court erred in refusing to grant them a trial by jury. In its petition the plaintiff sought a personal judgment against the Bests. Later, however, before the trial commenced, the plaintiff waived any right to a personal judgment. This was done orally, and the pleadings were never amended. It is true, as the Bests contend, that "[t]he right to a trial by jury is determined by the character of the issues framed by the pleadings." *Estes v. Oklahoma City*, 175 Okl. 278, 52 P.2d 873, 874 (per curiam) (syllabus ¶ 3). (Another holding in this case, found in syllabus ¶ 4, was overruled to the extent conflicting in *Board of Trustees v. Brooks*, 179 Okl. 600, 67 P.2d 4 (per curiam).) In this case, however, we find that the oral waiver, even without an amendment to the pleadings, was sufficient to keep the Bests from being entitled to a jury trial by right. The real effect of the oral waiver *was* to amend the pleadings, and the waiver was binding on the plaintiff. Since no personal judgment was sought, the trial court did not err in refusing to grant the Bests a jury trial. In *McGill v. Cooper Supply Co.*, 96 Okl. 362, 165 P.2d 829, 831, the Oklahoma Supreme Court held:

The rule is well settled that suits to foreclose liens may be maintained without seeking personal judgments for the indebtedness. *Hooks v. Berry-Hart Co.*, 135 Okl. 161, 274 P. 657, and other cases therein cited. The foreclosure of a lien is a cause of equitable cognizance. *Raymer v. Comley Lbr. Co.*, 169 Okl. 576, 38 P.2d 8. A question of equitable cognizance is not triable by jury, and an answer of defendant presenting issues at law otherwise triable by jury does not change the nature of the action, nor entitle defendant, as a matter of right to a jury trial, on the issues arising therein. *Newbern v. Farris*, 149 Okl. 74, 299 P. 192.

See also *Brown v. Magers*, Okl., 359 P.2d 321, 327.

■ In their second proposition the Bests argue two alleged errors. The first is that since Mr. and Mrs. Best own the property jointly, and the lien statement named only Mr. Best as owner, the lien statement

was ineffective as to both of them. They refer us to *Forry v. Brophy,* 116 Okl. 99, 243 P. 506, 506, where the Supreme Court held in the third paragraph of the syllabus:

No judgment can be rendered declaring a lien against an owner's property and ordering the foreclosure and sale thereof for material furnished or labor performed, unless an account and lien statement have been filed against said owner with the clerk in the manner provided by the statute law of this state.

The statute applicable to this case is 42 O.S. 1971, § 143, as it appeared before amendment in 1977 and 1978, which required the lien statement to name the owner. See also *Gaddis-Walker Electric Co. v. Phillips Petroleum Co.,* Okl.App., 526 P.2d 964, 967–68 (approved for publication by the Supreme Court). The plaintiff asserts that the lien should be held good against both of the Bests because Mrs. Best did not present any evidence at trial that the failure to name her in the lien statement prejudiced her rights. But Mrs. Best did not have to present any evidence; it was the plaintiff's responsibility to perfect a lien against her if the plaintiff wanted to assert lien rights against her interest. The *Forry v. Brophy* and *Gaddis-Walker* cases show that the plaintiff did *not* perfect a lien against the interest of Mrs. Best, and we therefore hold that the judgment of foreclosure against her interest was error. On the other hand, the plaintiff's failure to name Mrs. Best on the lien statement did not invalidate it altogether, as the Bests contend. In *Forry v. Brophy* the interest upon which the lien was being foreclosed—an oil and gas leasehold interest—was held by several parties as tenants in common, and the lien was held invalid against the owner of a ⅟₃₂ interest not named in the lien statement, but the lien was nevertheless good against the other tenants. We see no reason why the result should not be the same for joint tenants.

■ The second argument of the Bests in their second proposition is that judgment should not have been rendered for the plaintiff because of the plaintiff's negligence in failing to notify the Bests of the lien claimed. There is no controversy that the Bests received no notice of the lien until suit was filed and they were served (on April 28, 1977), nearly one year after the lien statement was filed (May 24, 1976). The Bests cite the case that sets the standard for notice: *Curry v. Morgan,* Okl., 321 P.2d 973, where the Court held in the first paragraph of the syllabus, at 974:

A written notice of a lien of a subcontractor must be given to the owner of the premises on which the lien is claimed within a reasonable time and whether it is given within a reasonable time is determined primarily by whether the failure to give the written notice has prejudiced the owner.

It is argued that the Bests were prejudiced by not receiving notice until they did because by then Gardner, the contractor, had left Marshall County, and could not be contacted to pay the bill. Gardner was named a defendant, but the sheriff's return of summons said that he was not found in Marshall County. Aside from that, there is no evidence whatsoever in the record concerning Gardner's whereabouts, his comings and goings, or even where he lived. We only have the averment in the brief of counsel for the Bests that Gardner left Marshall County, and we cannot base our opinion on that averment. *Price v. Price,* Okl., 471 P.2d 894, 896. The Bests have failed to show that they were prejudiced by lack of notice. In that circumstance, we will not reverse the judgment.

■ In their reply brief the Bests argue one further proposition: that the plaintiff failed to prove the existence of a contract on which to base a lien. This argument was not made in their brief in chief; it is advanced for the first time in the reply brief. In the fifth paragraph of the syllabus in *Green v. Oklahoma Tax Commission,* 188 Okl. 168, 107 P.2d 180, 181, the Supreme Court held:

An additional proposition presented by the plaintiff in error for the first time in his reply brief, and which is not in reply to new matter or independent propositions advanced by the defendant in error in his answer brief, will not ordinarily be considered.

Therefore, we will not consider this contention.

One final matter remains. The plaintiff requests of this Court a reasonable attorney's fee for the proceedings on appeal. Authority for attorney's fee awards in lien enforcement actions is found in 42 O.S. 1971, § 176. The request is granted, and the plaintiff is awarded attorney's fees in the amount of $250.00, to be taxed and collected as costs and paid by the appellant John K. Best.

The judgment is affirmed as to Mr. Best's interest, reversed as to Mrs. Best's. The cause is remanded to the trial court with directions to dismiss the action against Mrs. Best, to grant the plaintiff judgment for $250.00 for attorney's fees on appeal to be taxed as costs and paid by John K. Best, and to proceed further as necessary.

AFFIRMED IN PART WITH ATTORNEY'S FEES, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.

ROMANG, P. J., concurring.

REYNOLDS, J., not participating.