[No. 15830.    Department One.—March 20, 1895.]

IN THE MATTER OF THE ESTATE OF LESTER L. ROBINSON, DECEASED.    JAMES P. ROBINSON, AND FANNY L. CHRISTY, APPELLANTS.

ESTATES OF DECEASED PERSONS—CONTEST OF WILL—PETITION TO REVOKE PROBATE—JURY TRIAL.—The mere filing of written grounds of opposition to the probate of a will, which is abandoned and dismissed before any issues of fact are raised thereon, does not constitute a "contest" to its probate, within the meaning of section 1312 of the Code of Civil Procedure; and under section 1330 of that code a party who subsequently petitions to revoke the probate of such will, upon making the proper demand therefor, is entitled as of right to a jury trial.

ID.—WAIVER OF RIGHT TO JURY TRIAL.—Such right to a jury trial, when the demand therefor has been denied, is not waived by going to trial before the court, or by the petitioner's failure to present evidence sufficient to secure a revocation of the probate.

ID.—REVIEW OF ERROR—BILL OF EXCEPTIONS.—The error in denying such jury trial, upon being incorporated in a bill of exceptions, can be reviewed upon a direct appeal from the judgment.    A motion for a new trial is not necessary.

ID.—APPEAL—OBJECTION NOT RAISED ON TRIAL.—Where the right of the petitioners to ask for the revocation of the probate of a will is not questioned in the lower court, and that court recognizes their right by hearing the petition and rendering a judgment thereon denying a revocation of the probate, on an appeal from such judgment the respondents cannot for the first time make the objection that the appellants had no right to ask for such revocation.

ID.—ADDITIONAL COSTS—UNNECESSARY MATTER IN TRANSCRIPT.—Where a judgment is reversed, additional costs will not be imposed on the respondents on account of their inserting in the transcript a large amount of unnecessary matter, as by the reversal they will be required to pay the expenses of printing the same.

APPEAL from a judgment of the Superior Court of Contra Costa County refusing to revoke the probate of a will.

The facts are stated in the opinion of the court.

*George B. Merrill*, for Appellants.

*Garret W. McEnerney*, for Respondents.

HARRISON, J.—The last will and testament of Lester L. Robinson, and a petition for its probate, were filed in the superior court of Contra Costa county, May 11, 1892. Prior to the day set for hearing the petition Sanford Robinson filed a written opposition to its probate, to which the proponents of the will filed a demurrer. Afterward, and before a hearing upon the demurrer, the contestant filed a stipulation confessing the demurrer as well taken, and upon his consent an order was entered sustaining the demurrer and giving him additional time within which to file amended grounds of opposition. He did not, however, file any amendment to his opposition, but directed his attorney to abandon further proceedings in reference thereto, and accordingly an order was made that he take nothing by his contest, and the will was admitted to probate October 22, 1892. October 20, 1893, the appellants herein filed in the superior court a petition for the revocation of the probate of the will, which the executors answered, and the court appointed January 6, 1894, as the day for hearing the petition. December 30, 1893, the appellants filed a written demand for a trial by jury, and when the matter was called for hearing on the 6th of January this demand was called to the attention of the court, and, being opposed by the executors, was denied, to which the appellants excepted. The trial of

the contest was then had by the court without a jury, and judgment was rendered denying the petition. From this judgment the present appeal is taken.

Section 1330 of the Code of Civil Procedure provides: "In all cases of petitions to revoke the probate of a will wherein the original probate was granted without a contest, on written demand of either party, filed three days prior to the hearing, a trial by jury must be had, as in cases of the contest of an original petition to admit a will to probate." It is contended, however, on behalf of the respondents, that by reason of the opposition to the original probate of the will which was filed by Sanford Robinson, the provisions of this section have no application.

Before there can be a "contest" to the probate of a will the contestant is required by section 1312 of the Code of Civil Procedure to file "written grounds of opposition" to its probate, and the petitioner and others interested in the will may answer these grounds of opposition; and it is the "issues of fact thus raised" which this section authorizes to be tried by a jury. The "contest" does not arise unless the written grounds of opposition present such issues of fact for determination. There can be no "contest" unless the written grounds of opposition are of such a nature as to form a legal objection to granting the probate of the will; and unless also the contestant presents these grounds for the consideration of the court. Unless the grounds of opposition are followed up by an attempt to sustain them, the probate of the will is not contested. If, after filing his opposition, the contestant immediately withdraws it without invoking any decision of the court thereon, he cannot be said to "contest" the probate, nor can it be held that every document filed by a contestant constitutes a contest, even though it may contain written grounds of opposition, and may be entitled a contest. The contents and character of the document, and the action taken thereon by the contestant, as well as the

action sought by him from the court, must also be considered.

After Sanford Robinson had filed his written grounds of opposition in the present case he took no further action in support thereof. The proponents of the will demurred to his opposition upon the express ground "that it did not state facts sufficient to constitute a ground of opposition to the probate of the will," and also that it was not in such form or character as entitled it to be considered by the court. His subsequent stipulation confessing the demurrer to be well taken, and the order of the court thereon sustaining the demurrer, rendered his written grounds of opposition ineffective for a contest of the probate of the will, unless he should file an amended opposition; and his subsequent failure to file such amended opposition, together with his directions to his attorney to abandon the contest, left the proponents without any opposition to its probate, so that the "original probate was granted without a contest." Upon the trial of the present application for a revocation of this probate the petitioners were entitled, under section 1330 of the Code of Civil Procedure, to have the issues tried by a jury, and the court erred in refusing their demand. As this was a right conferred upon them by statute, they did not waive it by subsequently going to trial under the order of the court, or by their failure to present evidence sufficient to secure a judgment in their favor.

The petitioners were not required to move for a new trial in order to have this error of the court reviewed. It was incorporated in a bill of exceptions, and forms a part of the judgment-roll, and, like any other error appearing on the record of the judgment, can be reviewed upon a direct appeal from the judgment.

The right of the appellants to ask for a revocation of the probate is not involved upon this appeal. The superior court recognized their right by hearing their petition and rendering judgment thereon. As no exception to this action of the court was taken by the re-

spondents in the court below, they cannot make the objection for the first time upon the appeal.

The appellants have made a motion that costs be imposed upon the respondents on account of the needless matter contained in the transcript.

There is much matter in the record which is utterly unnecessary for a consideration of the points presented on the appeal, and many useless repetitions of documents, the will of the testator being set forth at length four times, and the judgment-roll upon its admission to probate being twice repeated. But, as by the reversal of the judgment the respondents are required to pay the expense of printing the same, we do not feel required to impose any further costs upon them.

The bill of exceptions contains much unnecessary matter, covering upwards of forty pages of the transcript, and in settling it the judge failed to observe the provisions of section 650 of the Code of Civil Procedure, which makes it his duty, " in settling the bill, to strike out of it all redundant and useless matter, so that the exceptions may be presented as briefly as possible."

The will of the testator is set forth therein twice at length. Upwards of twenty-five pages of the bill is made up of the judgment-roll upon the admission of the will to probate, viz., the petition for its probate, the opposition thereto of Sanford Robinson, the demurrer to this opposition, the order and judgment thereon, and the order and judgment admitting the will to probate.

As these were already a matter of record, they should have been excluded from the bill of exceptions. The remedy for unnecessary matter in bills of exception lies with the judges of the superior court.

If they would observe the requirements of the code it would greatly facilitate counsel, as well as this court, in the examination of records and the disposition of appeals.

The motion to impose additional costs upon the

respondents is denied, and the judgment of the superior court is reversed and a new trial ordered.

GAROUTTE, J., and VAN FLEET, J., concurred.

Hearing in Bank denied.