MARY BUCKLEY, *pro ami*, Appellant, *vs.* RALPH HAMMOND *et ux*, Appellees.

PROVIDENCE.—APRIL 7, 1909.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, JJ.

(1) *Adoption of Child. Jury Trial on Facts in Controversy.*

A petition was filed in a Probate Court for the adoption of a child, on the ground that its parents "had willfully deserted and neglected to provide proper care and maintenance for said child" etc., and the decree of the Probate Court was based principally upon a finding of fact that the allegations were true.

Appellant, in her reasons of appeal, set forth these same allegations as matters of fact in controversy, and made claim for jury trial under C. P. A., sec. 799.

In the Superior Court the court removed the case from the jury and placed it on the calendar of cases to be heard by the court, on the ground that the controversy was not a proper one to be submitted to a jury:—

*Held*, that appellant was entitled to a jury trial, as claimed, since the allegations of desertion and neglect were matters of fact requiring proof.

*Held*, further, that, when appellant was forced to trial by the court, against her protest and exception duly taken, she could not be said to have waived her exceptions, theretofore taken, by thus proceeding to trial.

*Held*, further, that the action of a trial court in denying to a party litigant the right to jury trial given him by statute is error, to which exception lies.

PROBATE APPEAL.  Heard on exceptions of appellant, and sustained.

PARKHURST, J.  This is a probate appeal pending in this court on the appellant's exceptions taken in the Superior Court. By a decree entered December 18, 1906, the Municipal Court of the City of Providence granted the petition of Ralph Hammond and wife for the adoption of Mary Buckley, a minor. The adoption was asked for on the ground that the parents of Mary Buckley had "willfully deserted and neglected to provide proper care and maintenance for said child for more than one year next preceding the time of filing" the petition.  Within forty days after the entry of the decree the child, Mary Buckley, by her next friend and grandmother, Margaret Buckley, duly claimed an appeal to the Superior Court, and a jury trial therein; and within fifty days after the entry of the decree filed her reasons of appeal.  Among these reasons was the following:

"Because neither parent of said Mary Buckley has willfully deserted and neglected to provide proper care and maintenance for the child for one year next preceding the time of filing said petition."

Before the assignment day of the appeal the appellant alleged that a matter of fact was in controversy, and claimed a jury trial by notice in writing filed with the clerk of the Superior Court, in accordance with section 799 of the Court and Practice Act.

June 17, 1907, the appeal was duly called for trial before the presiding justice of the Superior Court, sitting with a jury, and said cause was opened to a jury; and after the opening, and before any testimony was taken, the court ordered the case taken from the jury and passed, on the ground that the controversy was not a proper controversy to submit to a jury; to which ruling the appellant excepted.

The appellant then filed a petition in this court for a writ of ·certiorari, which was denied December 24, 1907, on the ground that certiorari can not serve the purpose of a bill of exceptions and that neither a bill of exceptions nor certiorari was applicable as a remedy at that stage of the case. (See rescript, Buckley v. Superior Court*.)

December 26, 1907, the appellant filed a motion in the Superior Court to assign the case for jury trial. This motion was heard and dismissed January 18, 1908, on the ground that the matter had already been adjudicated by the Superior Court. To this ruling an exception was taken.

April 9, 1908, the appellant filed a motion to assign the case for trial. This motion was heard April 18th, and the request of the appellant that the case be assigned for trial June 5, 1908, was denied on the ground that cases not to be tried before a jury could not be assigned to June 5th, and the court peremptorily assigned the case to June 2, 1908, on the miscella-

---

SUPREME COURT.

*MARY BUCKLEY, p. a.,
       v.        M. P. No. 43.
SUPERIOR COURT.

RESCRIPT.

PETITION for writ of Certiorari.

The appellant's exception to the ruling of the court, taking the case from the jury and passing the same on the ground that the controversy was not a proper one to submit to a jury, can not be passed upon in the proceeding before us, as certiorari can not serve the purpose of a bill of exceptions (Smith v. Town Council of Burrillville, 19 R. I. 61, 63); and neither a bill of exceptions nor certiorari is applicable as a remedy at the present state of the case. The ·case was taken from the jury, on the ground before stated, and passed. This, however, did not constitute such a final determination of the question of the right of the appellant to a jury trial as to justify the issuance of the writ of ·certiorari. If the writ should issue it could serve no useful purpose. To quash the action of the court in taking the case from the jury would not make it possible to go on with the trial before the jury which had been impanneled to try the case, as that jury has long since finished its labors and been discharged.

It does not appear that the case has been stricken from the calendar of ·cases in which a jury trial has been claimed, or that any motion has been made to have it again set down for a jury trial; and if such motion had been made and refused, the proper remedy would not be certiorari.

The petition is denied and dismissed.

neous calendar. The appellant's exception to the placing of the case on this calendar was noted.

June 2, 1908, the case was called for hearing on the miscellaneous calendar, and the appellant moved that the court hear the case with a jury. To the ruling denying this motion the appellant duly excepted.

The case was then heard by the presiding justice of the Superior Court without a jury, and he decided for the appellees, affirming the decree of the Municipal Court.

It appeared in the testimony that the same matter of fact was in controversy at the trial.

The appellant's bill of exceptions included the following exceptions:

*First.* To the ruling of the presiding justice of the Superior Court, in taking the case from the jury on the 17th day of June, 1907, on the ground that the controversy was not a proper controversy to submit to a jury, because a matter of fact was alleged to be in controversy, and a matter of fact was in controversy, and said Superior Court had no authority or right to deny the appellant a trial of said case before a jury, the right to a trial of said case by a jury having been given to the appellant by section 799 of the Court and Practice Act, to which ruling an exception was duly taken.

*Second.* To the ruling of the presiding justice of the Superior Court on the 18th day of January, 1908, dismissing the appellant's motion, that the case be assigned for jury trial, on the ground that the matter had already been adjudicated by the court, which ruling was erroneous for the same reasons as are set forth in the first exception herein contained, and also for the reason that said ruling of the 17th day of June, 1907, was an interlocutory ruling and not a final adjudication of the matter, to which ruling of the 18th of January, 1908, the appellant duly excepted.

*Third.* To the ruling of the presiding justice of the Superior Court assigning the case to June 2nd, on the miscellaneous calendar, which ruling was erroneous for the same reasons as are set forth in the first exception herein contained, to which ruling the appellant duly excepted.

*Fourth.* To the denial of the presiding justice of the Superior Court of the appellant's motion before the trial of said case on the 2nd day of June, 1908, that the court hear the case with a jury, which ruling was erroneous for the same reasons as are set forth in the first exceptions herein contained, to which ruling the appellant duly excepted as appears on page No. 3, of the transcript of testimony.

*Fifth.* To the decision of the presiding justice of the Superior Court on the 2nd day of June, 1908, for the appellee, and affirming the decree of the Municipal Court, which decision was erroneous (a) for the same reasons as are set forth in the first exception herein contained. (The rest of the fifth exception is expressly waived.)

The appeal was taken under section 8 of chapter 192 of the General Laws as amended by section 1135 of the Court and Practice Act. The procedure on such an appeal is governed by the provisions of sections, 796 to 799, inclusive, of the Court and Practice Act. Section 799 specifically gave this petitioner the right of a trial by jury of any matter of fact in controversy. The appellant before the assignment day claimed a jury trial by notice in writing filed with the clerk of the Superior Court.

The petition for the adoption of the child was based upon the allegations that the parents of Mary Buckley "have willfully deserted and neglected to provide proper care and maintenance for said child for more than one year next preceding the time of filing this petition,"—See Gen. Laws R. I. cap. 192, § 3; and the decree of the Municipal Court is based principally upon a finding as matter of fact that these allegations are true.

The reasons of appeal set forth these same allegations of fact as matters of fact in controversy, and make claim for jury trial under C. P. A., § 799.

(1) There can be no question that the appellant was entitled to a jury trial as claimed. It can not be truly said that no matter of fact is in controversy, for the allegations of desertion and neglect in this proceeding are as much matters of fact requiring proof as any matters of fact which can be found in any case. They are always so treated in proceedings for divorce on these

grounds; as well as in prosecution of the father for abandonment of wife or children, or neglect to provide for them under Gen. Laws, cap. 281, § 24. Nor did the Superior Court refuse a jury trial on the ground that there was no matter of fact in controversy; but took the case from the jury before any testimony was taken, "on the ground that the controversy is not a proper controversy to submit to a jury." No other reason appears in the record for this action, and we are of the opinion that the Superior Court erred in ignoring the provisions of C. P. A., § 799.

The same question was passed upon and settled by this court, in *Tillinghast* v. *Brown University*, 24 R. I. 179, where the court, after deciding that in all cases where an appeal lies, and has been claimed, under chapter 248 of the General Laws, the right to a jury trial is as broad as the right to the appeal, says, at page 182: "There will arise no serious inconvenience in a jury trial if it appears that the real questions involved are questions of law, and that the judge's discretion must decide the case. The possibility of such cases arising is not, in our opinion, sufficient reason for restricting the obvious latitude of choice given by the statute."

The right to a jury trial under C. P. A. § 799 differs in no essential respect from that given under Gen. Laws, cap. 248, referred to in the above citation. (See *Arnold* v. *Regan*, 29 R. I. 71.)

The appellant reserved exception to this action of the court at every stage of the proceeding, and when forced to trial before the court without a jury, still protested and excepted. The appellant can not be said to have waived these exceptions, or any of them, by thus proceeding to trial under such circumstances. This point was expressly held in *Hinchly* v. *Machine*, 15 N. J. Law (3 Green, N. J.), 476, where the court says, p. 477: "If however, the party had gone to trial before the court, at the special term, without any objection to that mode of trial, it would have been too late for him to complain about it afterwards. This he did not do; he objected to the proceeding, but the court ordered on the trial. He did not therefore waive his objection, by making the best defence he could, for he did

not know but it might be his only opportunity to do so. If the court below was right, the judgment must stand; but if they compelled him into a trial contrary to law, he ought not to be bound by the judgment. We think the court erred in ordering on the trial at the special term; the judgment must therefore be reversed, and the record be remitted to the Court of Common Pleas to be proceeded in according to law."

See also *In Re Robinson*, 106 Cal. 493, where, under the California Code of Civil Procedure, the right of jury trial, when properly claimed, is secured to the parties in a probate appeal, it was held that "such a right to a jury trial, when the demand therefor has been denied, is not waived by going to trial before the court, or by the petitioner's failure to present evidence sufficient to secure a revocation of the probate." The case came up on exception to this denial, and the exception was sustained.

Again, in *Goodman* v. *Superior Court*, 96 Pac. Rep. 395 (Cal.), it was held that "the denial of a jury trial, in a case where a jury may be waived, is error only, and not action in excess of jurisdiction;" thus sustaining the position herein taken that the denial of a jury trial herein is error on exception duly taken.

The appellant's exceptions are therefore sustained, and the case is remitted to the Superior Court with direction to grant a trial by jury therein.

*Vincent, Boss & Barnefield,* for appellant.
*Stone & Lovejoy,* for appellees.