### STATE v. METCALF et al.

No. 5670—Opinion Filed July 11, 1916.

(159 Pac. 470.)

**Bail—Forfeiture—Action to Enforce—Pleading.**

In an action on an appearance bond, where a forfeiture is alleged, and the answer denies such forfeiture, a demurrer to such answer was properly overruled.

(Syllabus by Rittenhouse, C.)

Error from County Court, Ellis County; A. L. Squire, Judge.

Action by the State against R. A. Metcalf and others. Judgment for defendants, and plaintiff brings error. Affirmed.

See, also, 57 Okla. 64, 156 Pac. 305.

Frank E. Ransdell, for plaintiff in error.

Charles Swindall and C. B. Leedy, for defendants in error.

Opinion by RITTENHOUSE, C. This is an action to recover upon an appearance bond signed by R. A. Metcalf as principal and C. A. Greene and E. C. Sherman as sureties. It is alleged that R. A. Metcalf was charged by information in the county court of Ellis county with the crime of selling, giving away, and otherwise furnishing intoxicating liquors in said county; that after his arrest he was released upon executing bond to the state in the sum of $500; that default was made, and on December 4, 1911, the court ordered that the bond be forfeited, and suit brought thereon. To this petition the defendants filed an answer, wherein the execution of the bond was admitted; but the other allegations of the petition were denied. There were also several specific defenses which it is unnecessary to discuss. The state demurred to the answer on the ground that it did not state facts sufficient to constitute a defense, which was overruled, the state electing to stand upon the demurrer.

It will be observed that the petition alleged a forfeiture of the bond; the answer, while admitting the execution of the bond, denies the forfeiture. This was an issue of fact to be determined by the jury, and the court properly overruled the demurrer.

It is very unfortunate that the county attorney elected to stand upon the demurrer, as we sustained the forfeiture of this appearance bond in the case of Metcalf et al. v. State of Oklahoma, 57 Okla. 64, 156 Pac. 305, and it would have been a very simple matter to have proven such forfeiture.

In this court relief is granted on account of errors of law, properly excepted to, but the record in this case does not show any errors of law, but a mistake of judgment on the part of the county attorney in electing to stand upon his demurrer to the answer.

The cause should therefore be affirmed.

By the Court: It is so ordered.