### LANGDON et al. v. STATE.
### KING et al. v. STATE.

No. 15987—Opinion Filed April 6, 1926.

(Syllabus.)

**Pleading—Judgment on Pleadings—Material Facts in Issue.**

Where the plaintiff alleges in its petition a material fact necessary for recovery and the defendant files an answer denying the existence of such fact, it is then error for the court to sustain a motion of the plaintiff for judgment on the pleadings.

Error from District Court, Creek County; J. Harvey Smith, Judge.

Actions by the State against Sam Langdon and others and against Ed King and others. Two actions consolidated. Judgment for plaintiffs on the pleadings, and defendants bring error. Reversed.

Creekmore Wallace and Ledru Guthrie, for plaintiffs in error.

George F. Short, Atty. Gen., and W. L. Murphy, Asst. Atty. Gen., for the State.

LESTER, J. The parties will be referred to as they appeared in the court below.

This is an action upon the part of the state of Oklahoma,, as plaintiff, to recover on two separate appearance bonds. One of the bonds was signed by Samuel Langdon, as principal, and H. C. McMillon and J. D. Cooper, as sureties. The other bond was signed by Ed King, as principal, and H. C. McMillon and J. D. Cooper, as sureties. Separate suits were commenced on each bond. Separate demurrers were filed in each case and were by the court overruled, and separate answers were filed in each case. Thereafter, both actions, by the consent of all parties thereto, were by the court consolidated. A motion was filed by plaintiff for judgment upon the pleadings, and on hearing thereon, the court sustained said motion and rendered judgment for the plaintiff, to which the defendants excepted, and the defendants there-

after prosecuted an appeal to this court for the purpose of reversing said judgment.

The two principals named in the bonds were jointly charged in the superior court of Creek county, Okla., with the crime of unlawful possession of intoxicating liquors. The plaintiff alleged in its petition that the defendants failed to appear in court as provided by the terms of said appearance bonds, and that a forfeiture was adjudged by the court on said bonds.

Plaintiff also in its petition set out a purported copy of the order of the court adjudging and decreeing a forfeiture upon the said bonds. Defendants in their answers admitted the execution of said bonds, and then set up facts by which they sought to excuse their appearance in court as required under the terms of the appearance bonds. The defendants also answered the petition of the plaintiff by "denying each and every other allegation contained in said plaintiff's petition or heretofore admitted or controverted."

From a careful examination of the separate answers filed by the defendants, we find that they admitted execution of the two appearance bonds. They admitted that they were not present in court as charged in the petition of the plaintiff. The defendants then sought to excuse themselves from the necessity of such appearance on certain grounds. They then denied each and every other allegation of the plaintiff's petition necessary for recovery, which answer was sufficient to deny the fact that a forfeiture had been taken in court on said bonds. Before the plaintiff would be permitted to recover in an action of this character, it would be necessary to allege in its petition that a forfeiture had been taken by the plaintiff on said appearance bonds. This the plaintiff by its petition did. The defendants then by their separate answers denied this material allegation of fact. This being a suit for the recovery of money only, and under the pleadings therein, a material fact being in issue, the defendants would have been entitled to have a jury pass upon such issue of fact.

Motion for judgment upon the pleadings is in the nature of a demurrer. This court in the case of State v. Metcalf et al., 60 Okla. 1, 159 Pac. 470, announce the following rule:

"It will be observed that the petition alleges a forfeiture of the bond. The answer, while admitting the execution of the bond, denies the forfeiture. This was an issue of fact to be determined by the jury, and the court properly overruled the demurrer."

Judgment is reversed.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, PHELPS, HUNT, CLARK, and RILEY, JJ., concur.