[Civ. No. 5943. First Appellate District, Division One.—September 7, 1927.]

BERNEITA MECHLER, a Minor, etc., Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY et al., Respondents.

Dunn, White & Aiken, Henry C. Reynolds and W. M. Nold for Petitioner.

J. E. Reardon, Benj. F. Curtaz and Enid Childs for Respondents.

TYLER, P. J. — Application for peremptory writ of mandate, directing respondent court and the Honorable Judge thereof to proceed with the hearing and determination of a certain cause. The petition is filed on behalf of Berneita Mechler, a minor, by Nora Mechler, her guardian *ad litem*, and it recites in substance that on or about the thirtieth day of March, 1927, the said minor, through her guardian, instituted an action against one Grace R. Luther and others seeking to recover alleged damages for personal injuries sustained by plaintiff through the alleged negli-

gent operation by defendant Grace R. Luther of a certain automobile in the city of Oakland on or about October 16, 1926. Upon issue being joined, notice of motion to set the cause for trial was duly made, served, and filed. The parties appeared in court by counsel when the case was called to be set, at which time, according to the answer here filed on behalf of respondents, plaintiff's counsel waived a jury trial and defendant, both orally and in writing, demanded one. Thereupon, on the same day, the court hearing the motion made an order transferring the case to the jury department of said court for trial where it was placed upon the calendar. Thereafter, the attorneys for defendant filed a written waiver of jury trial and subsequently served notice of this fact upon plaintiff. The case having been reached upon the jury calendar, plaintiff appeared and demanded that trial proceed before a jury. The court, being of the opinion that plaintiff had, by his acts, waived a jury trial, denied the application and retransferred the cause to the nonjury department. Petitioner thereupon filed the present application in this court which is one for a writ of mandate directing the respondent Superior Court and the Judge thereof to set aside the order retransferring the cause from the jury department to the nonjury department and to proceed to trial before a jury. We are of the opinion that mandate is not the appropriate remedy to test plaintiff's alleged right. ■ The question as to whether or not the parties to an action are entitled to a trial by jury is a question of law which the trial court has jurisdiction to hear and determine, for error in the determination of which the party aggrieved has a sufficient remedy by appeal, and a writ of mandate will not be issued to compel the trial court to grant a jury trial (*Donohoe* v. *Superior Court*, 93 Cal. 252 [28 Pac. 1043] ; *Widney* v. *Superior Court*, 84 Cal. App. 498 [258 Pac. 416]). ■ A party does not waive a right to a trial by jury by going to trial without one after objection, as the question can be reviewed upon a direct appeal from the judgment. (*In re Robinson*, 106 Cal. 493 [39 Pac. 862].)

The petition is denied.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 6, 1927, and an application by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 3, 1927.