**ESTES et al. v. OKLAHOMA CITY.**

No. 26275.   Nov. 19, 1935.

Rehearing Denied Dec. 17, 1935.

J. L. Gowdy, for plaintiffs in error.

Harlan Deupree, Municipal Counselor, and Ralph J. May, Assistant Municipal Counselor, for defendant in error.

PER CURIAM. This action was instituted in the court of common pleas of Oklahoma county, Okla., by the city of Oklahoma City, a municipal corporation, against O. P. Estes, Gladys Rylee, Bessie Johnson, L. N. Loper, Raymond Lee, R. C. Wilson, Bryan Barber and Athilene Whiteley, to recover on six separate causes of action set forth in the petition, in which the city of Oklahoma City sought to recover on six appearance bonds given by the defendants Johnson, Loper, Lee, Wilson, and Barber. Gladys Rylee was surety on these bonds. All except the first two causes of action were either dismissed or passed without trial. The case was tried upon the first two causes of action stated in the plaintiff's petition and a judgment as prayed for by the city was rendered against the defendant O. P. Estes for the sum of $100, with interest and costs. On the first cause of action Bessie Johnson was also held liable for $50 and interest, and on the second cause of action L. N. Loper was held liable for $50 with interest and costs. Bessie Johnson and L. N. Loper were the principals on the respective bonds set forth in causes of action first and second. O. P. Estes did not sign any of these bonds. The city set forth in its petition that O. P. Estes, an attorney, as the real party in interest, attempted to evade the state law which prohibits a practicing attorney from executing appeal bonds for defendants in criminal actions, where such defendants are represented by such attorney, and perpetrated upon the city and the court a deceit and a fraud by transferring properties owned by him to one Edith Edens, who was in his employ, who made divers and sundry bonds, later taking back a deed to the property from Edith Edens. It is alleged Estes subsequently transferred the same property to Gladys Rylee, his employee, for the purpose of enabling her to make bail bonds for defendants represented by him. It was also alleged that Gladys Rylee later transferred the property to Athilene Whiteley, another employee of Estes, and that while Gladys Rylee had title to the property she executed the bonds sued on in the case.

The city further alleges these bonds were executed by Gladys Rylee as a part of a plan to defraud the city by rendering the collection of the bonds impossible by divesting her of the title to the property after the execution of the bonds. It is further stated that the defendant Estes, by reason of his conduct, became personally liable on the bonds; and the city sought a personal judgment not only against Estes, who did not sign the bonds, but against the other defendants.

No objection or exception was taken to the petition on the ground of misjoinder of causes of action.

The defendants Estes, Johnson, Loper, Lee, Wilson, Barber, and Whiteley filed an original answer. Gladys Rylee was never served with summons, and therefore was not a party to the case. A supplemental answer was filed by the defendants Estes, Johnson, and Loper. In the original answer the defendants who answered set up excuses by which they sought to excuse themselves from the necessity of appearing in the county court in which the criminal cases were pending. They denied all of the allegations of the petition except "those that may be hereafter admitted." In the original answer there was an admission to the effect that the city attorney "did have an order by the court entered forfeiting the bonds in said cases." The general denial was sufficient to put in issue all of the questions of the personal liability of O. P. Estes arising from what was alleged to be a fraudulent scheme to defraud the city, but was not sufficient to put in issue the forfeiture of the bonds. In the supplemental answer filed by Estes, Johnson, and Loper, the defendants denied that the bonds of Bessie Johnson and L. N. Loper were "lawfully" forfeited; and alleged that their sureties were released by operation of law and that if the covenants of the bonds were broken, it was caused by the willful act of the obligee, to wit, the city. This supplemental answer, therefore, put in issue the question of the forfeiture of the bonds. We think, since any forfeiture, to be valid, must be "lawful," that the use of the word "lawfully" neither added to nor detracted from the denial.

On the pleadings as thus framed, the case comes on for trial. The city attorney on the original pleadings contended that the forfeiture of the bonds in the county court could not be collaterally attacked by the defendants in their answer and sought to obtain judgment on the pleadings as thus constituted. Then the supplemental answer was filed. This motion for judgment on the

pleadings was thereupon withdrawn and the city filed its reply.

The case was called for trial on November 3, 1934. The city attorney outlined the facts in an opening statement to the court, and the defendants thereupon in open court demanded a trial by jury, which the court denied. The defendants saved an exception, and the court proceeded with the trial of the case, the defendants thereupon making an opening statement.

The city contends that defendants, in their opening statement, admitted that the county court entered an order of forfeiture of the bonds. We think this is true; but this admission as to the forfeiture of the bonds did not come until after the denial of the right to a trial by a jury. We find from the record that the lawful forfeiture of the bonds was denied by the defendants in their pleadings and such denial rendered the action one triable by jury. Furthermore, the fraudulent scheme on which the personal liability of O. P. Estes was sought was never admitted, either in the pleadings or in the opening statement of counsel.

1. This case is not unlike the case of Langdon v. State, 114 Okla. 213, 245 P. 599, and State v. Metcalf, 60 Okla. 1, 159 P. 470. In the Langdon Case suit was brought on appearance bonds, as in the case at bar. We quote from the Langdon Case as follows:

"From a careful examination of the separate answers filed by the defendants, we find that they admitted execution of the two appearance bonds. They admitted that they were not present in court as charged in the petition of the plaintiff. The defendants then sought to excuse themselves from the necessity of such appearance on certain grounds. They then denied each and every other allegation of the plaintiff's petition necessary for recovery, which answer was sufficient to deny the fact that a forfeiture had been taken in court on said bonds.

"Before the plaintiff would be permitted to recover in an action of this character, it would be necessary to allege in its petition that a forfeiture had been taken by the plaintiff on said appearance bonds. This the plaintiff by its petition did.

"The defendants then by their separate answers denied this material allegation of fact. This being a suit for the recovery of money only and under the pleadings therein, a material fact being in issue, the defendants would have been entitled to have a jury pass upon such issue of fact.

"Motion for judgment upon the pleadings is in the nature of a demurrer. This court in the case of State v. Metcalf et al., 159

P. 470, 60 Okla. 1, announced the following rule:

"'It will be observed that the petition alleged a forfeiture of the bond; the answer, while admitting the execution of the bond, denies the forfeiture. This was an issue of fact to be determined by the jury, and the court properly overruled the demurrer.'"

It is thus seen that the issue of forfeiture in such an action is one to be tried by jury if the forfeiture be denied. This denial was contained in the supplemental answer of the defendants. In the Langdon Case the motion for judgment on the pleadings was sustained in the lower court and the cause reversed in the Supreme Court, in the opinion by Justice Lester, because it amounted to a denial of a trial by a jury.

2. Furthermore, we find that the principal issue against the defendant Estes was based upon an allegation of a fraudulent scheme to defraud the city and render the bonds uncollectible, by which the city contended that Estes, because of the conduct charged against him, became personally liable. We find no admission of this unlawful scheme, which we have heretofore outlined in the statement of facts, and the answer, containing a general denial, placed in issue this personal liability of Estes which was sought to be established on allegations of this fraud or subterfuge. Such allegations are not to be taken lightly and admissions thereof are not to be presumed. We believe that, when the city sought to establish liability on allegations of fraudulent conduct on the part of an attorney, designed to defraud the city and to prevent the collection of its bonds, it should be required to prove such issues, unless they are clearly admitted in the pleadings. These allegations were essential to the establishment of the cause of action for personal liability on the part of Estes; and, irrespective of whether or not the denial of the forfeiture of the bonds was sufficiently clear in the answer denying "lawful forfeiture," this issue as to the existence of the fraudulent scheme was clearly denied. Even if the bonds had been forfeited, such forfeiture still did not establish the personal liability of Estes. His liability could only exist on the basis of the other allegations of the petition, which were put at issue by general denial.

We have examined the record carefully and do not find anything either in the pleadings or in the statement of counsel which could be considered as an admission of these facts. These issues were, therefor, triable to a jury.

The defendants having demanded a trial

281

by jury and this having been denied under the circumstances hereinbefore outlined, such conduct of the trial court constituted reversible error when due exception was saved to the denial of a jury trial.

In the brief of the city attorney, great stress is laid upon the proposition that a final order of the county court forfeiting the bail bonds could not be collaterally attacked in an action subsequently brought against the principals and sureties on the bonds. The authorities cited by the city attorney appear clearly to sustain this contention. However, under the views hereinbefore expressed, this is immaterial. It is clear that a judgment of the county court forfeiting the bonds is not subject to collateral attack in a subsequent action, unless the county court acted wholly without jurisdiction, or unless the judgment of forfeiture was absolutely void. There is nothing in the record to indicate that the county court acted without jurisdiction or that the judgment of forfeiture in the county court was absolutely void. But this is immaterial under our view of the controlling issues.

3. It is undoubtedly undisputed that the right to a trial by a jury is determined by the character of the issues framed by the pleadings. Sections 348 and 350, Oklahoma Statutes 1931; Okmulgee Producing & Refining Co. v. Wolf, 88 Okla. 188, 212 P. 415; Stern v. Hillman (Cal. App.) 300 P. 972; O'Quinn v. Nothaff, 85 Okla. 215, 205 P. 498.

This principle is so simple that it scarcely needs further consideration.

However, it is to be observed from section 348, Oklahoma Statutes 1931, that an issue of fact arises upon the pleadings. It is to be observed under section 350 that issues of fact in actions for the recovery of money, etc., shall be tried by a jury. It, therefore, unquestionably appears that the character of the issues which are framed by the pleadings determines the right to a trial by jury.

It was said in Stern v. Hillman, supra:

"Appellants' right to a jury trial is determined by the character of the issues framed by the pleadings. Reiner v. Schroeder, 146 Cal. 411, 80 P. 517. The pleadings, which are before us, clearly show that the issues thereby framed are for debt, a legal action. Any error in denying a jury trial is not waived by going to trial, after such denial, but may be reviewed upon a direct appeal from the judgment."

It was so recognized in O'Quinn v. Nothaff, supra, in which it was said:

"This being an action for the recovery of specific personal property, any issue of fact **arising under the pleadings** must be submitted to a jury unless waived."

In Okmulgee Producing & Refining Co. v. Wolf, supra, there is a rather lengthy discussion of the matter and, while there is no specific statement to the effect that the right to a trial by a jury is determined by the character of the issues in the pleadings, the discussion of law under syllabus No. 2 leaves no other conclusion than the one which we have stated above.

4. If, therefore, it is to the pleadings one must look to determine the right to a trial by jury, then we cannot escape the conclusion that where a party makes proper demand, before the introduction of evidence, for a trial by a jury, in a case properly triable to a jury, as disclosed by the pleadings, and such request for a jury is denied and an exception is saved, the subsequent participation by such person in the trial of the case could not possibly constitute a waiver of the right to a trial by a jury, such person having the right to make the best defense he could, since under section 373, Oklahoma Statutes 1931, a jury may only be waived (1) by failure to appear, (2) written waiver, or (3) "by oral consent in open court **entered on the journal**." Necessarily, therefore, all proceedings after the wrongful denial of a trial by a jury are improper, unless, of course, they include a subsequent withdrawal of the demand and a waiver under section 373. See the following authorities: 35 C. J., sec. 143 (Juries), p. 224; Mechler v. Superior Court (Cal. App.) 259 P. 452; Stern v. Hillman (Cal. App.) 300 P. 972; Hinchley v. Machine, 15 N. J. L. 476; Buckley v. Hammond (R. I.) 72 Atl. 389; In re Robinson's Estate (Cal.) 39 P. 862; Jamison & Smyth v. Ranck (Iowa) 119 N. W. 76.

Counsel for the city seek to sustain the judgment of the trial court on account of admissions made by the defendants' attorney when he was forced to a trial after a wrongful denial of his demand for a jury. In this opening statement there were sufficiently clear admissions that a judgment of forfeiture had been made in the county court.

It was clearly stated in the case of Stern v. Hillman, supra, from which we have heretofore quoted in other connections, that:

"Any error in denying a jury trial is not waived by going to trial, after such denial, but may be reviewed upon a direct appeal from the judgment."

282

In the case of Hinchley v. Machine, supra, it was said:

"If, however, the party had gone to trial before the court, at the special term, without any objection to that mode of trial, it would have been too late for him to complain about it afterwards. This he did not do; he objected to the proceeding, but the court ordered on the trial. He did not therefore waive his objection, by making the best defense he could, for he did not know but it might be his only opportunity to do so. If the court below was right, the judgment must stand; but if they compelled him into a trial contrary to law, he ought not to be bound by the judgment. We think the court erred in ordering on the trial at the special term; the judgment must therefore be reversed, and the record be remitted to the Court of Common Pleas to be proceeded in according to law."

We quote from In re Robinson's Estate, supra, as follows:

"Upon the trial of the present application for a revocation of this probate, the petitioners were entitled, under section 1330, Code Civ. Proc., to have the issues tried by a jury, and the court erred in refusing their demand. As this was a right conferred upon them by statute, they did not waive it by subsequently going to trial under the order of the court, or by their failure to present evidence sufficient to secure a judgment in their favor."

We quote from the case of Jamison & Smyth v. Ranck, supra, as follows:

"There is no merit in the appellee's claim that defendant waived the error in this ruling by filing his answer, and going to trial in equity. The demand for a jury trial was made both before and after the answer was filed. Appellant was not required to stake the fate of his defense upon the ruling complained of, and, having made his exception a matter of record, it was his right to proceed and make the best defense possible in the forum into which he was unwillingly forced without waiving his exception to the erroneous ruling."

It is our opinion, therefore, that subsequent participation in the trial of such a case does not constitute a waiver of the right to a trial by jury.

Persons who are wrongfully denied a trial by jury, after saving exceptions, may thereafter make whatever defense they can.

There is nothing in this case to make us feel that justice demands the judgment be sustained, since the proof offered by the city itself shows the fines which were assessed against the defendants whose bonds were forfeited were subsequently paid into the county court and received by the city, so that in fact the collection on these forfeitures would amount to a double assessment. This, of course, is no defense, since persons should be penalized for failure to obey the commands of the court, but we simply note in passing that justice does not demand that this judgment be sustained.

We, therefore, conclude that the case should be reversed and remanded for a new trial.

The Supreme Court acknowledges the aid of Attorneys A. K. Swann, B. A. Hamilton, and F. V. Westhafer in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and fact was presented by Mr. Swann, and approved by Mr. Hamilton and Mr. Westhafer, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, and GIBSON, JJ. concur.