A. J. RAMER, Plaintiff In Error,

v.

STATE of Oklahoma, ex rel. W. B. WARD, Jr., County Attorney, Pontotoc County, Oklahoma, Defendant In Error.

No. 36903.

Supreme Court of Oklahoma.

Jan. 31, 1956.

Rehearing Denied April 17, 1956.

Application for Leave to File Second Petition, for Rehearing Denied Oct. 16, 1956.

Lewis M. Watson, Ada, for plaintiff in error.

W. B. Ward, Jr., County Atty., and J. Winston Raburn, Asst. County Atty., Ada, for defendant in error.

PER CURIAM.

This appeal is prosecuted by the plaintiff in error, defendant below, from a judgment rendered by the District Court of Pontotoc County in favor of defendant in error, plaintiff below, on a certain forfeited appearance bond on which the defendant was surety. Plaintiff alleged all matters leading up to and including the forfeiture of the bond in justice court. Included in the petition was the allegation that the preliminary hearing had been continued from the date set in the bond to another date by agreement of the accused and county attorney. The terms of the obligation were that the accused should appear "and remain in attendance from time to time to answer * * * and not depart the court without leave." Defendant admitted the execution of the bond and alleged that he signed the bond at the urgent request of the accused, his brother, and the County Attorney with the understanding that the preliminary hearing would be on the date contained in the bond and that he did not agree to or know of the continuance. It was also alleged that the accused was insane and did not know the nature of the obligation, and that the defendant was unable to produce the accused for trial because of this insanity. The answer also contained a general denial.

The plaintiff filed a motion for judgment on the pleadings which was initially overruled but, when reasserted, after the plaintiff presented his testimony, was thereafter sustained. It will be observed that the petition alleged a forfeiture of the bond. The answer, while admitting the execution of the bond, does not specifically admit the forfeiture. The general denial put this material fact in controversy and presented an issue of fact to be determined.

Based upon the record before it, the trial court improperly sustained the motion for judgment on the pleadings. State v. Metcalf, 60 Okl. 1, 159 P. 470. However, the defendant has admitted the forfeiture of the bond in his briefs filed in this court and states that it has never been denied. The forfeiture now being admitted, we must determine whether the facts alleged in the answer constitute a defense to the action.

In an action on a forfeited appearance bond, the sole defenses thereto are that the performance of the conditions therein were rendered impossible either by an act of God, an act of the obligee, or an act of law. Where neither of these conditions are alleged in the answer or admitted in the petition, no defense is presented and judgment on the pleadings is proper if the execution and forfeiture of the bond are admitted by the surety.

It is first urged that the continuance of the preliminary hearing without the consent of the surety on the bond and after the appearance of the accused as required on July 9, 1953, is an act of the obligee and a legal defense. Substantially the same argument was presented in Manning v. State ex rel. Williams, 190 Okl.

65, 120 P.2d 980, and it was there held that the obligation undertaken is a continuing one and is extended from term to term or until the accused is discharged or surrendered to the proper official by the surety. It is the surety's obligation to know when the principal is required to be at court and to produce him there at the time to which the case may be continued. There is no authority for the proposition that a continuance by the court must only be with the consent and knowledge of the surety. These facts present no legal defense to an action on the forfeited bond. Knight v. State ex rel. Henry, 35 Okl. 375, 130 P. 282, L.R.A.1916F, 361. Likewise, the condition of the bond was not satisfied by the appearance of the accused on the first date set for the preliminary hearing. The condition of the bond was that he would remain in attendance from time to time and not depart without leave of the court.

 It is also urged that the principal on the bond was insane and that this is an act of God exonerating the surety. Generally, any illness the result of disease or a condition beyond the prevention or control of human agency is regarded as an act of God. But, to exonerate one from the consequences of a default of the condition of an appearance bond, the illness must be such as to render it reasonably impossible to produce the accused. There seems to be no good reason why insanity of the principal should be treated differently from any other illness. Performance of the condition to produce the accused will only be excused by his illness where there are circumstances which render performance reasonably impossible and not when they only make it difficult. The mere fact that the accused is insane, although considered an act of God, is not such condition which should or would relieve the accused or his surety from the obligation of the bond. There is nothing in this allegation, standing alone, that even tends to show that it was impossible to secure the accused's attendance at court. In any event, under our statute, 22 Okl. Stat.1951 § 1108, the appropriate time to produce this fact to relieve the surety from the obligation of the forfeited bond was during the same term and in the same court in which the forfeiture was declared. State v. Hines, 37 Okl. 198, 131 P. 688; Hines v. State, 39 Okl. 638, 136 P. 592; Detroit Fidelity & Surety Co. v. United States, 8 Cir., 59 F.2d 565. Although insanity might be a defense to the criminal charge pending against the accused, it could not relieve him of the responsibility of appearing for trial nor his surety of the obligation to see that he appeared unless there were facts alleged, as a result of the insanity, showing it would be reasonably impossible to fulfill the obligation.

It follows that the answer of the defendant states no defense to this action, the forfeiture now being admitted.

The judgment is affirmed.

JOHNSON, C. J., and CORN, HALLEY, JACKSON and HUNT, JJ., concur.

WILLIAMS, V. C. J., and WELCH and BLACKBIRD, JJ., dissent.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinon was written by Commissioner James A. Nease and approved by Commissioners J. W. Crawford and Jean R. Reed, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.