Donald James **NIX** and United Benefit Fire Insurance Company of Omaha, Nebraska, Plaintiffs in Error,

v.

**STATE** of Oklahoma, ex rel. James W. CONNOR, County Attorney, Defendant in Error.

No. 40064.

Supreme Court of Oklahoma.

April 9, 1963.

Gordon L. Patten, Tulsa, for plaintiffs in error.

James W. Connor, County Atty., Lewis B. Ambler, Asst. County Atty., Bartlesville, for defendant in error.

BLACKBIRD, Chief Justice.

The parties appear here in reverse to their appearance in the trial court, and will hereinafter be referred to by name, or as they appeared there.

This appeal involves the defendants' right to a jury trial in an action on an allegedly forfeited appearance bond given by the defendant, Nix, with the other defendant as surety thereon.

The bond was given to guarantee Nix' appearance in the District Court for trial as the defendant in said court's criminal cause No. 3580. Among other things, the plaintiff's petition in the present action alleged that when said Cause No. 3580 was called for trial on May 11, 1961, neither Nix, nor his said surety, was present, and that when Nix failed to answer said court's bailiff's call, a bench warrant was issued for his arrest, the court ordered his said bond forfeited, and the County Attorney was directed to proceed to collect same. Both the bond and a certified copy of the journal entry of judgment entered May 11, 1961, forfeiting a bond, were attached to plaintiff's petition in this action and made a part thereof by reference thereto.

The defendants' joint answer to plaintiff's petition was an unverified general denial.

Both on the day that this case was ordered set for trial, and at the beginning of the trial, the defendants requested that the case be tried before a jury, but these requests were denied, and exceptions taken to the court's rulings.

At the trial before the court, plaintiff introduced in evidence the entire court file in Criminal Cause No. 3580, supra, including the above-mentioned journal entry of the judgment of forfeiture, as well as a copy of the page of the District Court's criminal docket for that case. On said page, the entry showing the filing of the forfeiture judgment's journal entry, was followed by figures which customarily indicate the book and pages of the court journal on which such judgment is permanently recorded. During the course of his testimony as plaintiff's witness, the court clerk identified this evidence as exhibits for the plaintiff.

After the plaintiff had rested its case, and the defendants demurrer to its evidence was overruled, the latter introduced no evidence in support of their answer, and the court entered judgment for plaintiff in the amount of the bond.

After the overruling of their motion for a new trial, defendants lodged the present appeal.

The single "PROPOSITION" set forth in defendants' brief is directed at the trial court's alleged error in denying their re-

quests for a jury trial. They cite the cases of Selby v. State ex rel. Amis, Okl., 302 P.2d 775, Ramer v. State ex rel. Ward., Okl., 302 P.2d 139, Langdon v. State, 114 Okl. 213, 245 P. 599, and State v. Metcalf, 60 Okl. 1, 159 P. 470, in support of their position that such denial was error.

Plaintiff, on the other hand, takes the position that defendants' unverified answer did " * * * not properly question any part of the basic allegations of * * *" his petition, and in the course of his argument, he even goes further and asserts that: "In the light of the holdings in Ince Nursery Co. v. Sams * * * (73 Okl. 138, 177 P. 370), Davis v. Rowland * * * (206 Okl. 257, 242 P.2d 716) and Exendine v. Iron * * * (153 Okl. 177, 4 P.2d 1035), it would follow that the filing of an unverified general denial admitted the execution and forfeiture of the bond." On the basis of this representation, he concludes that the pleadings joined no issue of fact and that therefore the trial court committed no error in denying defendants a jury trial.

None of the cases cited by plaintiff support his position. It is true that if the principle enunciated in the fourth paragraph of the syllabus in the Exendine Case and some of the statements appearing in the body of the opinion therein were deemed applicable to this case, it might be concluded that the answer of the defendants in this case did not put in issue the execution—or perhaps the rendering—of the judgment in Cause No. 3580, depicted by the certified copy of the journal entry thereof attached to plaintiff's petition herein. But the question is: Despite the recitals in such a judgment to the effect that defendants' bond was ordered, or in fact, was forfeited, does defendants' unverified answer, in the nature of a denial of such forfeiture, raise an issue of fact concerning which defendants were entitled to a trial by jury? This question is not answered in plaintiff's brief. The nearest he comes to answering it, is to quote an excerpt from our opinion in the Ramer Case, supra, but an examination of that quotation shows that the conclusions announced therein were based on the hypothesis that the forfeiture of the bond was an admitted fact. The only portions of that opinion pertinent to the precise question raised in this appeal are as follows:

"The answer also contained a general denial.

  *     *     *     *     *     *

The answer, * * * does not specifically admit the forfeiture. The general denial put this material fact in controversy and presented an issue of fact to be determined. * * *."

In State v. Metcalf, supra, this court said:

"It will be observed that the petition alleged a forfeiture of the bond; the answer, * * * denies the forfeiture. This was an issue of fact to be determined by the jury, * * *".

Examination of the record in the above-quoted cases reveals that, in both, the answers were not verified. In Langdon v. State, supra, the plaintiff, in a manner to some extent resembling plaintiff's manner of proceeding in the present case, incorporated in the allegations of its petition, "a purported copy of the order of the court adjudging and decreeing a forfeiture upon the said bonds". There, this court said, among other things:

"Before the plaintiff would be permitted to recover in an action of this character, it would be necessary to allege in its petition that a forfeiture had been taken by the plaintiff on said appearance bonds. This the plaintiff by its petition did.

"The defendants then by their separate answers denied this material allegation of fact. This being a suit for the recovery of money only and under the pleadings therein, a material fact being in issue, the defendants would have been entitled to have a jury pass upon such issue of fact. * * *"

The plaintiff in the present case has utterly failed to demonstrate that under a

proper application, to the present case, of the rationale of the above quoted cases, the trial judge committed no error in denying the defendants' request for a jury trial. The cases cited indicate that the judge's rulings on these requests were error; and we so hold. Accordingly, the judgment of the trial court herein appealed from is hereby reversed and this cause is remanded to said court with directions to set aside its order and/or judgment overruling defendants' motion for a new trial, and to sustain said motion.

HALLEY, V. C. J., and WELCH, DAVISON, JOHNSON, WILLIAMS and BERRY, JJ., concur.