William Marion **WAKEFIELD** and Maryland National Insurance Company, a Maryland Corporation, Plaintiffs in Error,

v.

The **STATE** of Oklahoma ex rel. David **HALL**, County Attorney of Tulsa County, Oklahoma, Defendant in Error.

No. 41529.

Supreme Court of Oklahoma.

Sept. 20, 1966.

Rehearing Denied Nov. 22, 1966.

Gordon L. Patten, Tulsa, for plaintiffs in error.

Ted Flanagan, Asst. County Atty. of Tulsa County, for defendant in error.

JACKSON, Vice Chief Justice.

In the trial court, plaintiff, the State of Oklahoma ex rel. David Hall, County Attorney of Tulsa County, filed a verified petition stating a cause of action upon a forfeited appearance bond upon which the defendant, the Maryland National Insurance Company, was surety. After issuance and service of summons, defendant Company filed a motion to quash which was overruled with ten days allowed in which to plead further or answer. Thirty days later, no plea or answer having been filed by defendant, plaintiff filed a motion for default judgment; sixteen days later defendant, by agreement of the parties, was permitted to file an answer out of time. It was unverified and consisted of a general denial. The matter was thereafter regularly set for pre-trial hearing, at which defendant failed to appear. At that time plaintiff waived trial by jury and the case was regularly set for a non-jury trial about two weeks later. On the day appointed for trial, defendant again failed to appear. Plaintiff presented evidence consisting of the testimony of the Chief Clerk of the Court of Common Pleas, the appearance bond, the trial court's order (in the criminal case) forfeiting the bond, and the journal of the court showing the proper entry of the order thereon. The court then rendered judgment for plaintiff, and later overruled defendant's motion for new trial.

On appeal, defendant argues the single proposition that the court erred "in denying the defendants a trial by jury".

The cases cited by defendant in support of this argument are not in point. Langdon et al. v. State, 114 Okl. 213, 245 P. 599, was a bond forfeiture case in which the trial court sustained plaintiff's motion for judgment on the pleadings. On appeal by defendant, this court held that since the defendant's answer raised an issue as to whether the bonds had actually been ordered forfeited by the trial court, it was error to render judgment on the pleadings. State v. Metcalf et al., 60 Okl. 1, 159 P. 470, was a bond forfeiture case in which the defendants filed an answer admitting the execution of the bond but denying that it had been forfeited; the state filed a demurrer to the answer which was overruled, and the state appealed. After pointing out the issue of fact raised by the answer, this court sustained the trial court's order overruling the state's demurrer. In Ramer v. State ex rel. Ward, Okl., 302 P. 2d 139, insofar as is pertinent here, substantially the same situation existed in the trial court as in the Langdon case, supra; however, since defendant therein, in his brief on appeal, admitted that the bond had actually been forfeited, this court sustained the trial court's judgment for plaintiff on the pleadings. In Selby v. State ex rel. Amis, Okl., 302 P.2d 775, the only evidence of the forfeiture of the bond was a minute entry of the clerk upon the appearance docket; the trial court's order forfeiting the bond, and the journal of the court, were not introduced in evidence. Citing 12 O. S.1951, Sec. 701, this court held that the evidence on the issue of the forfeiture of the bond was insufficient to support the judgment for plaintiff.

**492**

These cases do not support defendant's argument that under the circumstances existing in the instant case, the trial court erred in "denying defendants a trial by jury".

12 O.S.1961, Sec. 591, provides in part as follows:

"The trial by jury may be waived by the parties, in actions arising on contract, and with the assent of the court in other actions, in the following manner: By the consent of the party appearing, when the other party fails to appear at the trial by himself or attorney. * * *".

In Booth v. Red Eagle Oil Company, Okl., 393 P.2d 871, this court held:

"Where a certain cause has been regularly assigned and reached on call for trial, a trial by jury may be waived by the consent of the party appearing when the other party fails to appear at the trial by himself or attorney."

The judgment of the trial court is affirmed.