Frances Marie OWENS, Roy Young, Alma Young, and Loyd Williams, Plaintiffs in Error,

v.

The STATE of Oklahoma ex rel. Murray F. GIBBONS, Defendant in Error.

No. 41037.

Supreme Court of Oklahoma.

Jan. 31, 1967.

Andrew L. Hamilton, Hudson, Hamilton & Hunter, Oklahoma City, for plaintiffs in error.

Murray F. Gibbons, County Atty., McClain County, for defendant in error.

IRWIN, Vice Chief Justice.

This action on a forfeited appearance bond was instituted by the State of Oklahoma, ex rel., Murray F. Gibbons, County Attorney of McClain County, Oklahoma, against Frances Marie Owens, principal on said bond, and Roy Young, Alma Young, and Loyd Williams, sureties on said bond. The parties will be designated as they appeared in the trial court.

Defendant Owens was a material witness for the State in a pending criminal action. The court set her appearance bond in the sum of $5,000.00 which was duly made by the defendants as principal and sureties. The criminal case was set for trial and defendant Owens was served with a subpoena requiring her appearance as

a witness on behalf of the State. On November 15, 1962, the case came on for hearing and defendant Owens was called as a witness but failed to answer. Whereupon the sureties on said appearance bond were called and they failed to answer. The court then directed said appearance bond forfeited and directed the County Attorney to take such action as may be necessary to collect same.

This action was filed to collect on the forfeited appearance bond. The parties submitted the matter to the court on various stipulated facts and instruments, including the file in the criminal action. The trial court rendered judgment for plaintiff. Defendants appeal from the order overruling their motion for new trial.

## CONTENTION

Defendants only contention is the court erred in entering judgment against them when the evidence and facts show that the appearance bond was breached by an act of God and Law, which excused performance on the part of the sureties.

## CONCLUSION

A material witness bond is authorized under the provisions of Title 22 O.S.1961, § 270 and § 271. Title 22 O.S.1961, § 1108 is the statutory authority to forfeit or to set aside the forfeiture of the bond in question. This statute deals with bail bonds furnished by a defendant in criminal cases but its provisions are also applicable to recognizances furnished by, or on behalf of, material witnesses. See State v. Scott, Okl., 371 P.2d 704.

The record discloses that on October 26, 1962, a subpoena was issued for the appearance of Frances Marie Owens and the same was served on October 30, 1962, by leaving a copy thereof with the endorsements thereon duly certified at her usual place of residence. The following day, November 1, 1962, the mother of Frances Marie Owens, who listed her address as the same as her daughter and al-

leged her daughter was living with her, filed in the County Court a "Petition for Order of Admission to Hospital".

On November 5, 1962, the County Court of Oklahoma County issued its "Order of Admission to Hospital" and on said date she was committed to the Central State Griffin Memorial Hospital at Norman, Oklahoma, for care and treatment, and was released on December 4, 1962. The record also reflects, by stipulation, that sometime during the trial of the criminal case, "counsel for the State and probably the Court, were advised of the possibility that the material witness, Frances Marie Owens was confined as a patient in Central State Griffin Memorial Hospital, Norman, Oklahoma".

Defendants contend the above facts present this simple question: "Were the bondsmen excused from performance in this case?"

The record reflects the bondsmen never surrendered the material witness to the trial court and never made application for the trial court to procure the attendance of the witness and there is no showing that an attempt was made to secure the attendance of the witness. In other words, there was no showing that the bondsmen ever attempted to secure the attendance of the witness and failed, or that it was reasonably impossible to secure her attendance.

The force and effect of defendant's argument is that the confinement of the material witness in the State Hospital on the day she was to appear in court, relieved the bondsmen from any liability on the appearance bond as a matter of law.

Both parties cited Ramer v. State, ex rel. Ward, Okl., 302 P.2d 139, which also involved an action on a forfeited appearance bond. As a defense it was alleged the accused was insane and defendant was unable to produce the accused for trial because of this insanity. Therein we said:

"  *  *  * There seems to be no good reason why insanity of the principal should be treated differently from any other illness. Performance of the condition to produce the accused will only be excused by his illness where there are circumstances which render performance reasonably impossible and not when they only make it difficult. The mere fact that the accused is insane, although considered an act of God, is not such condition which should or would relieve the accused or his surety from the obligation of the bond. *There is nothing in this allegation, standing alone, that even tends to show that it was impossible to secure the accused's attendance at court.* * * *." (emphasis added)

Although the above case did not involve a confinement in a State Hospital, we can see no legal distinction between the issues presented. On November 5, 1965, when the material witness was required to appear in the criminal proceeding, the cause was continued at the request of the defendant in the criminal proceeding. On that same day, the material witnesses appeared before the Oklahoma County Court on hearing the "Petition for Order of Admission to Hospital". Defendants made no attempt to secure the release of the material witness from the State Hospital and made no showing that it was reasonably impossible to secure her release.

We must conclude that the mere fact that the material witness was confined in the State Hospital on the date such witness was to appear, standing alone, does not relieve the bondsmen on the appearance bond as a matter of law.

Judgment affirmed.

JACKSON, C. J., and BLACKBIRD, BERRY, HODGES, LAVENDER and McINERNEY, JJ., concur.

DAVISON, J., concurs in result.

WILLIAMS, J., dissents.