Filed 9/27/23  SMR Services v. Klomp CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| SMR SERVICES, LLC,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DARYL KLOMP,<br><br>    Defendant and Appellant. | 2d Civ. No. B320075<br>(Super. Ct. No. 56-2018-00509082-CU-FR-VTA)<br>(Ventura County)<br><br>ORDER MODIFYING OPINION<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on August 28, 2023, be modified as follows:

1. In the last full paragraph on page 5, after the sentence ending in "Klomp's counsel died," add as footnote 2 the following footnote:

> [2] "Attorney Wendy Lascher was not counsel who filed the opening brief."

There is no change in the judgment.

_____
GILBERT, P. J.          YEGAN, J.          BALTODANO, J.

Filed 8/28/23  SMR Services v. Klomp CA2/6 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| SMR SERVICES, LLC,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DARYL KLOMP,<br><br>    Defendant and Appellant. | 2d Civ. No. B320075<br>(Super. Ct. No. 56-2018-<br>00509082-CU-FR-VTA)<br>(Ventura County) |

Daryl Klomp contends the trial court erred in denying him a jury trial.  Klomp waived a jury trial by deliberately refusing to appear for trial.  (Code Civ. Proc.,[1] § 631, subd. (f)(1).)  The trial court awarded judgment in favor of SMR Services, LLC (SMR). We affirm the judgment.

---

[1] All statutory references are to the Code of Civil Procedure.

FACTS

In December 2014, SMR contracted with Klomp to repair SMR's water truck. The total contract price was $15,988.75. SMR gave Klomp a $10,000 deposit. By 2018, with the repairs still not completed, SMR took the truck back.

In March 2018, SMR sued Klomp alleging the repairs were not completed; the repairs that were performed were negligently done; Klomp removed parts, and damaged the truck, and refused to return the $10,000 deposit. The complaint alleged SMR was damaged in the amount of $80,511.25.

In February 2020, the trial court sent notice to the parties that a mandatory appearance, case management conference, was set for April 10, 2020. The notice provided that at least one party demanding a jury trial must post a jury fee of $150 "on or before the date scheduled for the initial Case Management Conference." The notice warned that failure to post the fee waives a jury trial.

The April 10, 2020, case management conference was never held. The courts closed from March 16 to June 10, 2020, due to Covid-19.

In July 2021, the trial court sent a notice of a trial setting conference for August 10, 2021. By August 10, no jury fees had been posted. At the conference the court told Klomp that if he posted the fees that day, it would determine at the next conference whether the case would proceed by jury trial. Klomp posted the fees.

On February 24, 2022, the trial court held a hearing on the issue of jury trial waiver. The court found that a jury trial had been waived, but requested further briefing on whether it should grant Klomp relief from waiver. The court stated that if it decides to grant relief, a jury trial will be reset. If the court does

2

not grant relief, a court trial will commence at 10:00 a.m. on March 8, 2022.

The trial court held a hearing on the question of granting relief on March 7, 2022. The court decided not to grant relief. The court reasoned that section 631 requires a $150 jury fee to be paid on or before the day scheduled for the first case management conference, not the date the case management conference is actually held. The fee could not be deposited on that date because the court was closed. But there was no reason for not depositing the fee once the court reopened. Thus a jury trial was waived pursuant to section 631, subdivision (f)(5).

The trial court decided not to grant relief from default citing prejudice to the court and SMR. The court stated that it had held the next two days open for a court trial. Given the number of cases on the court's calendar, the court did not know when a jury trial could be held. The court cited the cost and difficulties of perpetually preparing for a case that does not go to trial. That is a form of prejudice to the plaintiff. The court ordered the parties to appear for a two-day court trial the next day, March 8, 2022, at 10:00 a.m.

On March 8, 2022, at 8:30 a.m., we received Klomp's petition for a writ of mandate, seeking a stay of the trial on the grounds that the trial court had improperly found a waiver of a jury trial and improperly denied relief from the waiver.

Neither Klomp nor his counsel appeared for trial court on March 8, 2022, at 10:00 a.m., as ordered, nor did they contact opposing counsel. The court waited until 10:19 a.m. when it received our order summarily denying Klomp's petition for a writ of mandate. A court trial proceeded without Klomp or his

counsel.  The court entered judgment in favor of SMR in the amount of $80,500.

## DISCUSSION

### I. *Waiver of Jury*

Klomp contends the trial court erred in concluding that he waived his right to a jury trial and abused its discretion in refusing relief from waiver.

Section 631 provides in part:

"(a) The right to a trial by jury as declared by Section 16 of Article I of the California Constitution shall be preserved to the parties inviolate.  In civil cases, a jury may only be waived pursuant to subdivision (f).

"(b) At least one party demanding a jury on each side of a civil case shall pay a nonrefundable fee of one hundred fifty dollars ($150), unless the fee has been paid by another party on the same side of the case . . . .

"(c) The fee described in subdivision (b) shall be due on or before the date scheduled for the initial case management conference in the action [¶] . . . [¶]

"(f) A party waives trial by jury in any of the following ways: ¶ (1) By failing to appear at the trial."

We need not discuss whether the trial court erred in finding waiver under section 631, subdivision (c), or abused its discretion in refusing to grant relief from default.  Klomp and his counsel deliberately refused to appear at trial.  Klomp claims the reason he did not appear is because he wanted to preserve his right to a jury.  But failing to appear waives rights; it does not preserve them.  (See *Breslin v. Breslin* (2021) 62 Cal.App.5th 801.)  Section 631, subdivision (f)(1), expressly provides that a party waives a trial by jury by failing to appear at trial.  A party

4

who objects to a proceeding without a jury does not waive his right to a jury trial by going to trial by the court. (*Mechler v. Superior Court* (1927) 85 Cal.App. 353, 354.) The question may be reviewed on appeal of the judgment. (*Ibid*.) Even if the trial court had erred in concluding Klomp waived his right to a jury by failing to promptly post fees, Klomp waived his right to a jury by refusing to appear for trial.

## II. *Sanctions*

SMR requests sanctions against Klomp's counsel for a frivolous appeal.

"When it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just." (§ 907.) An appeal is frivolous only when it is prosecuted for an improper motive – to harass the respondent or delay enforcement of a judgment – or when it indisputably has no merit – when any reasonable attorney would conclude the appeal is completely without merit. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.) Sanctions for a frivolous appeal should be used only in the clearest of cases. (*Ibid*.)

This appeal qualifies as frivolous. While this appeal was pending, Klomp's counsel died. There is no longer a basis for an award of sanctions.

We disagree with the concurring opinion that posits Klomp's appeal is not frivolous. Although we may agree with the holding in *Mackovska v. Viewcrest Road Properties LLC* (2019) 40 Cal.App.5th 1, 11, one significant fact in *Mackovska* distinguishes it beyond compare with the instant case. Mackovska showed up for trial. Klomp did not. His appeal is frivolous.

5

DISPOSITION

The judgment is affirmed.  Costs are awarded to the Respondent.

NOT TO BE PUBLISHED.


GILBERT, P. J.

I concur:


YEGAN, J.

6

BALTODANO, J., Concurring:

I concur in the judgment because Klomp failed to appear at his trial and failing to appear waives rights. (See *Breslin v. Breslin* (2021) 62 Cal.App.5th 801, 807.) However, I do not believe this appeal is frivolous considering the trial court's finding of prejudice when it denied Klomp relief from his jury waiver. (See, e.g., *Mackovska v. Viewcrest Road Properties LLC* (2019) 40 Cal.App.5th 1, 11 ["prejudice from having to try the case to a jury is not prejudice for purposes of a motion for relief from a jury trial waiver"].)

NOT TO BE PUBLISHED.


BALTODANO, J.

Mark S. Borrell, Judge

Superior Court County of Ventura

_____

Ferguson, Case, Orr, Paterson, and Wendy Cole Lascher; Law Offices of Pauline White and Pauline White for Defendant and Appellant.

Shane, Digiuseppe & Rodgers and Stephen A. Digiuseppe for Plaintiff and Respondent.